[New & Old Decatur Belt & Terminal R. R. Co. v. Karcher.]


# New & Old Decatur Belt & Terminal Railroad Co. v. Karcher.

*Proceedings to Condemn the Right of Way of a Railroad Company.*

1. *Condemnation proceedings; must be against the owner of the land sought to be condemned.*—The statutes regulating the condemnation of land to public uses (Code of 1886, §§ 3207-3220), contemplate and provide for proceedings only against those who have a proprietorship in the property sought to be taken and applied to public use; and if a proceeding is instituted against one who has no ownership in the property, within the meaning of the law of eminent domain, it is *coram non judice*, and the trial court having no jurisdiction, this court can not take jurisdiction to revise the action of the usurping tribunal.

2. *Title to street by owner of abutting property.*—One who owns property abutting a street, is presumed to own to the center of the street, but his ownership extends no further; and in the absence of proof to the contrary, this presumption will prevail.

3. *Use of street for railway purposes imposes an additional servitude.* The appropriation of a street to railway uses imposes a new and additional servitude, not contemplated in the original dedication, and when the fee of the street is in the abutting land owner, the street can not be condemned to such additional use without making compensation to such abutting land owner; but this compensation is to be paid to the attingent owner who has an estate or ownership in the part of the street proposed to be appropriated.

4. *Condemnation proceedings; when owner of lot abutting a street not a proper party.*—The owner of lots attingent on the west side of a street, but who is not shown to own the fee east of the center of the street, has no such ownership east of the center line thereof, as will authorize condemnation proceedings against him by a railroad company seeking to condemn to its uses a part of such street east of the center line.

APPEAL from the City Court of Decatur.

Heard before the Hon. W. H. SIMPSON.

The facts of the case are sufficiently stated in the opinion.

THOS. G. JONES, for appellant.—1. If any appurtenant right of Karcher was injured in the condemnation,

it presents a case where damages must be assessed under the statute. Although Karcher's fee did not extend beyond the middle of the street, yet if the construction of the railroad along the other half invaded any peculiar right of his in and to that part of the street, as distinguished from the rights of the general public, there was an injury or destruction within the meaning of the constitution. Indeed, it is held in some cases, "the right of the owner of adjoining land to the use of the highway is as much property as the land itself—it is appurtenant to the land and protected by the constitution. *Haines v. Thompson*, 7 Ind. 38 ; *Protsman v. Ind. R. R. Co.*, 9 Ind. 467 ; *Crawford v. Delaware*, 7 Ohio St. 459.

2. The rights of an adjoining proprietor on a public street do not stop at the center of the street. He may, for that matter, have no fee beyond the boundary of his lot, and yet have appurtenant rights in the entire street opposite his premises.—*Ohio & Lexington R. R. Co. v. Applegate*, 8 Dana, 289 ; *McQuid v. R. R. Co.*, 40 Am. & Eng. R. R. Cases 313 ; *Williams v. Central Railroad*, 16 N. Y. 97.

3. The probate court acquired jurisdiction. The applicant was entitled to condemnation. This right is given by statute.—Code of 1886, § 1580, subd. 8. The applicant had the right to come into the probate court for that purpose.—Code of 1886, § 3207. The court had authority to render judgment of condemnation.—Code of 1886, §§ 3207, 3208, 3212. The court had authority to make the respondent a party, and was given the means to serve him with notice.—Code of 1886, § 3209.

4. The petition, therefore, was filed by a proper party, for a proper purpose, in the proper court, against a party with an interest which could be condemned, and after proper notice, etc. When this petition was filed and Karcher duly served, the jurisdiction of the court, both as to person and subject matter, inevitably attached. The court was bound to decide whether Karcher had any right which was injured, and whether he was entitled to compensation, and if so to decree it. Its decree might be erroneous, but it could not be void.—*Goodwin v. Winter*, 64 Ala. 410 ; *Wightman v. Karsner*, 20 Ala. 446 ; *U. S. v. Arrendo*, 16 Peters (U. S.) 691.

5. The fact that Karcher did not own the fee in that part of the street where the road was built, is imma-

terial. As said in the case involving a like question, "But in whomsover the fee of the land constituting the street, may be, is not to my notion very important in a case like the one under consideration. The use of the land as a street includes practically its entire beneficial interest. There is no estate of a private character left in the dedicator, if the fee does remain in him, which he can utilize; and if it vests in the lot-holder only by virtue of his deed to the lot it confers no rights which are secured to him by the compiled covenant arising out of the conveyance, that he shall have a right-of-way over the street, and ingress and egress to and from his premises by means thereof. The lot owner's rights in the street are just as sacred, as far as I can see, in one case as in the other."—*McQuid v. Port. & V. R. R. Co.*, 40 Am. & Eng. R. R. Cases, 313, 314; *Railroad Co. v. Applegate*, 8 Dana, 289; *Williams v. Railroad Co.*, 16 N. Y. 96.

E. W. GODBEY and S. P. RATHER, *contra*, filed an elaborate brief, discussing the question of the damages recoverable by the respondent.

HEAD, J.—Appellees are the owners of real property attingent upon the west side of Market Street—a public highway in the city of Decatur. Appellant, a duly chartered railroad corporation, invested with competent legislative authority to construct and operate its road, in and along said street, east of the center thereof, filed, in the probate court of the proper county, against the appellees as parties defendant, its application for the condemnation of appellees' interests, as attingent owners, as aforesaid, in and to the said portion of said street, to the uses of its railroad way, along and upon the same. The application states that the center of the track of the railroad was to be placed four feet from the center of the street; that in the construction of its road, petitioner desires and will conform to the grade of the street, in accordance with the municipal contract and ordinance thereinbefore mentioned, which requires petitioner to observe the grade on said street, in the construction and maintenance of said road, and to so construct and maintain said railroad, as to obstruct as little as possible, the passage and travel of said street by persons, animals and vehicles. The damages were regularly assessed by

commissioners at one hundred dollars ; and, on appeal to the city court, the same were assessed by a jury at five hundred and seventy 80-100 dollars, upon which the judgment was rendered, from which the appeal is now prosecuted.

The statute (Code of 1886, § 1580) empowers a railroad corporation, created as appellant was, to acquire and hold, "by condemnation in the mode prescribed by law, such lands as may be necessary for a way and right of way, not exceeding one hundred feet in width throughout the entire length of the road, with the right to cut down and remove all such trees and undergrowth outside thereof, as might, by falling upon or shading the roadway, injure the same." Section 3207 of the Code provides that, "Any corporation organized under the laws of this State, or any person or association of persons proposing to *take lands*, or to *acquire an interest or easement* therein, for any uses for which *private property may be taken*, may, if there be no other mode of proceeding prescribed by law, apply to the court of probate of the county in which such lands or a material portion thereof, may be situated, for an order of condemnation thereof to .such uses." The subsequent sections of the article prescribe the procedure. Among their provisions it is required that the application must state with certainty "the uses or purposes for which the *land is to be taken*, or the *interest or easement therein to be acquired*, and must state the name and . residence of the *owner*, if known, or, if unknown, must show that reasonable diligence has been used to ascertain the same." Provision is made for notice to the *owner* of the land ; commissioners must be appointed to assess the damages which the *owner of the land* is entitled to receive, &c. (Italics ours). The present proceeding is prosecuted under the authority alone of these statutes. Unless sustained by these statutes the proceeding is without a support.

The exercise of the right of eminent domain can, of course, be delegated to public corporations only by legislation ; and, most clearly, statutes conferring the right, like the power to tax, must be strictly construed. Any proceeding having for its object the taking of private property for public use, must be in pursuance of clearly granted power . and jurisdiction, comprehending, in

spirit and intent, the subject matter set forth in the proceeding. Whatever may be the meaning of our constitutional provision imposing limitations upon legislative power in the exercise of the right of eminent domain, it is manifest that the statutes, to which we have referred, which provide the means and methods of enforcing the right of eminent domain, contemplate and provide for proceedings only against those who have a proprietorship in the property sought to be taken and applied to the public use. If the proceeding shows that the party proceeded against has no ownership of the property sought to be taken and applied (in this case, that portion of the street upon which the road is proposed to be constructed), within the meaning of the law of eminent domain, it is *coram non judice,* and this court cannot take jurisdiction to revise the action of the usurping tribunal. The proceeding, therefore, instituted by the appellant, necessarily presupposes that the appellees have such an ownership in that part of Market street proposed to be condemned; and that in granting the application, property of the appellees will be taken and devoted to the proposed public use. We have seen that the road is to be located east of the center of the street. The property of the appellees abuts on the western margin of the street. It is not averred that they own the fee east of the center. The presumption is that they own it from the western margin to the center, but it extends no further. The position, of the appellant must, therefore, necessarily, be, if its application is to be sustained, that the appellees have, as appurtenant to the proper use and enjoyment of their attingent property, a proprietorship in the entire width of the street, a part of which it proposes to condemn to its own use. The position is one which, so far as we have seen, has not been considered or adjudicated by this court. Other jurisdictions have passed upon it, and the authorities are not without conflict. It seems to be settled by the weight of authority, that the appropriation of a street to steam railway uses, imposes a new and additional servitude thereon, not contemplated in the original dedication; and when the fee of the street is in the abutting land owner, the construction of such a railroad thereon is a taking of his property within the law governing eminent domain, and the well known constitutional pro-

[Alabama Great Southern Railroad Co. v. Collier.]

visions requiring compensation to be made for private property taken and applied to public use ; and that such abutting land owner is entitled to compensation therefor. See the great array of authorities, *pro* and *con*, collected in 6 Am. & Eng. Encyc. of Law, 553, notes, and in 4 Rapelje & Mack's Digest of Railway Law. But, when as in the present case, the attingent owner has no estate or ownership of any kind in that part of the street proposed to be appropriated, whatever may be his rights, in common with the public, to the use of the street, or his remedies for infringements of those rights ; or whatever may be the rules for admeasuring his damages for such infringements, we cannot perceive how the statutes of this State, to which we have above particularly referred, regulating the condemnation of rights of way, can be made to apply. It is impossible, it seems to us, upon any just observance of these statutes, to extend them to a case of this character.

We hold, therefore, that the probate court was without jurisdiction to condemn any interest which the appellees had in the proposed right of way. The judgment must, therefore, be reversed and the petition dismissed, at the cost of the appellant in this court and in the court below.

Reversed and remanded.

BRICKELL, C. J., not sitting.