City Bond Co. *v.* Bruner.

---

## CITY BOND COMPANY *v.* BRUNER ET AL.

[No. 5,042.    Filed March 7, 1905.]

1. MUNICIPAL CORPORATIONS.—*Streets.—Assessments.—Appeal.—Effect.*—Where a property owner takes an appeal to the circuit court from an order of the city council fixing a certain assessment for street improvements upon his property, such appeal vacates and suspends the order of such council.   p. 662.

2. JUDGMENT.—*Final.—Special Findings.—Conclusions of Law.*—A special finding of facts and conclusions of law stated thereon do not constitute a "final" judgment.   p. 663.

3. ABATEMENT.—*Premature Action.*—Where a property owner appeals from an order of the city council making a certain assessment against his property for costs of street improvements, an action to foreclose such assessment lien is premature when commenced before final judgment in such cause on appeal.   p. 663.

From Hancock Circuit Court; *E. W. Felt,* Judge.

Action by City Bond Company against Mary L. Bruner and husband. From a decree for defendants, plaintiff appeals. *Affirmed.*

*S. M. Richcreek, Mason & Jackson,* and *Dowling & Hough,* for appellant.

*Ephraim Marsh* and *W. W. Cook,* for appellees.

Roby, J.—Suit to foreclose an assessment lien under the street improvement law of 1901. Acts 1901, p. 534, §3623a *et seq.* Burns 1901. No objection is urged against the complaint. The question for decision arises upon the action of the court in overruling a demurrer for want of facts to the plea in abatement, upon which the appellant refused to plead further, and judgment was rendered against it for costs.

The facts set up in such plea are, in substance, that the debt for the recovery of which the action is brought was not due at the time of its commencement, inasmuch as the debt sued for is on account of an assessment against said defendants for what is known as the improvement of West Main street in the city of Greenfield, Indiana; that defendants are the owners of certain described real estate which abuts on West Main street, and is and was liable to be assessed for said improvement; that on the 18th day of July, 1902, the common council of said city, pursuant to certain proceedings theretofore had, approved the report of the city board of commissioners on the assessment of benefits of said West Main street, after modifying said assessments in certain particulars; that the amount assessed against defendants on account of said real estate was $315.12, and within twenty days after the confirmation of said assessment by the city council defendants filed their written undertaking, with sureties, conditioned that they would prosecute said appeal and pay all costs that might be adjudged against them, which undertaking was approved by

the city clerk; and they also filed therewith a statement of their grievances, to wit: "(1) That the proceedings for said improvement are invalid; (2) that the benefits assessed to their property are too high; (3) that the benefits assessed to their property are too high in proportion to the benefits assessed to other property similarly situated." They thereupon ordered said clerk to make out a transcript of the proceedings, which was afterward filed in the office of the clerk of the Hancock Circuit Court, and special findings of fact made and conclusions of law thereon stated by the judge of said court; that said finding and conclusions are to the effect that the defendants' assessment should be reduced to the sum of $260; that no judgment has been rendered in said appeal, but that the same is now pending in the Hancock Circuit Court, and was pending when this action was commenced; that said assessment will not be due and payable until the first tax paying period after judgment is rendered thereon; that by reason of such facts the claim sued upon was not due at the time the action was commenced. Wherefore, etc.

Section four of said act provides that within twenty days after the filing of the report of the assessment of benefits or damages by the city commissioners, the common council shall act upon said report at a regular or special meeting, of which ten days' notice by publication shall have been given, at which time and place such common council shall meet for the purpose of confirming or modifying the assessments made by such commissioners, and that any person interested may appear thereat and make objection to such confirmation or modification. At such meeting the common council shall give opportunity for hearing to all persons interested as to any objection they may have to such assessment and may approve said report as filed, or may change or amend said report as to the assessment of property.

Section five provides that any owner of land upon which benefits or damages have been assessed "may appeal to the

circuit court of the county from the action of such common council, within twenty days thereafter, by filing with the city clerk a written undertaking, with surety to the approval of said clerk, conditioned that he will duly prosecute said appeal and pay any and all costs that may be adjudged against him, and filing therewith a statement of his grievances, to wit: First. That the proceedings for said improvement are invalid. Second. That the benefits assessed to his or her property are too high or damages too low. Third. That the benefits assessed to his or her property are too high in proportion to the benefits assessed against other property similarly situated." It thereupon becomes the duty of the city clerk to make out and file with the clerk of the circuit court a transcript of such proceedings.

The appeal is triable by the court without a jury, and no question shall be tried on appeal except the grievances set out in the statement filed with the city clerk. If a party appealing fails to reduce his assessment or to increase damages ten per cent., he shall pay the cost of said appeal. "All persons owning property assessed shall take notice of such appeal and shall be bound by the judgment of the court. The court shall have the power on such appeal to reduce the assessment of the party appealing and to modify and equalize the entire assessment so as to make the assessments conform to the benefits derived from the improvement." Acts 1901, *supra.*

1. The facts set out in the plea in abatement show that appellee duly appealed from the action of the common council. Jurisdiction to hear and determine the questions in issue was thereupon vested in the Hancock Circuit Court. "When an appeal is taken and perfected from the judgment or determination of an inferior court to a superior court, as in the case of appeals from the board of commissioners, or from a justice of the peace to the circuit or common pleas court, and the cause or matter is to be tried in the circuit court or common pleas court *de novo,* upon the original

papers, the appeal operates to suspend or supersede further proceedings under the judgment or determination from which the appeal is taken." *Young* v. *State* (1870), 34 Ind. 46; *Britton* v. *Fox* (1872), 39 Ind. 369; *Miller* v. *O'Reilly* (1882), 84 Ind. 168.

2. A special finding of facts and conclusions of law stated thereon do not constitute a final judgment nor amount to final disposition of a cause pending in the circuit court. *Northcutt* v. *Buckles* (1878), 60 Ind. 577. A motion for a new trial may be sustained, a *venire de novo* may be granted, and the conclusions of law may be restated. What judgment will follow can not be known in advance of its rendition. The court may ultimately declare the proceedings invalid or make an entire readjustment of the assessments.

A further provision of section four is that the adoption of the report made by the city commissioners, or as changed and amended by the common council, will constitute the assessment of benefits or damages for such improvement, and the several amounts therein set out as assessments against the respective lands shall be liens thereon from the date of such action by such common council, and shall thereafter bear interest at the rate of five per cent. per annum. It is also provided that such assessments shall only be questioned on appeal.

3. Appellant's contention, as we understand it, is that the appeal does not change the date of the lien of the assessment or the time when the assessment became due. It would be an idle formality to confer the right of appeal upon a party and withhold from him the practical benefit of such appeal. The date when the lien of whatever assessment may be ultimately determined upon attaches is not involved in this controversy.

Judgment affirmed.