## THE STATE ex rel. BERT H. TULLER et al. v. THOMAS J. SEEHORN, Judge.

**In Banc, December 10, 1912.**

1. **CONDEMNATION: Establishing Street: Supplemental Proceeding: Right of Appeal from Municipal Court.** Under sections 6 and 23 of the charter of Kansas City, any property owner or any party interested in the property taken or damaged, in a proceeding by the city to widen a street, is entitled to an appeal from the judgment of the municipal court, in a supplemental proceeding, to the circuit court, "in like manner and with like effect as in the original proceedings."

2. ———: ———: ———: **What Property and Matters Considered.** Where the ordinance for a supplemental proceeding in the matter of widening a street and the order of the municipal court purport to be for the sole purpose of making assessments as to property "against which an assessment was in the original proceeding wrongfully made or which was omitted to be made," the jury in the municipal court in the supplemental proceedings are without authority to include in their verdict assessments of benefits and damages upon property properly included in the first verdict. As only those persons whose property was omitted in the original proceedings are notified by such ordinance to appear in the supplemental proceedings, the scope of the verdict of the jury could not extend beyond such persons and their property.

3. ———: ———: ———: ———: Vacating Original Proceed-
ings: Interlocutory Judgment: Appeal. The verdict and judg-
ment in the original proceedings were valid as to those who
appeared and accepted them, and do not become interlocutory
merely because supplemental proceedings are necessary as to
other property, nor are they to be entirely vacated because an
appeal is taken in the supplemental proceedings to the circuit
court. The original proceedings, unappealed from, become *res
adjudicata* and not subject to trial *de novo* in the supplemental
proceedings or on appeal from a judgment therein to the circuit
court.

4. ———: ———: ———: Vacating Original Proceedings:
Before Payment of Assessments. The charter providing that
the common council may repeal the ordinance for widening a
street "at any time before any of the parties assessed with
benefits shall have paid the amount so assessed," and that "in
such event the judgment for compensation and benefits shall be
void," the original proceedings cannot be vacated as to parties
who have paid their assessments thereunder before the supple-
mental proceedings were begun, nor can the judgment as to them
in the original proceedings be vacated or treated as interlocutory,
since, under the well recognized principle of construction, the
right of the city to avoid proceedings and judgment before the
payment of any benefits given by that language of the charter,
excludes such a right after such benefits have been paid.

5. ———: ———: ———: ———: On Trial De Novo. Since
the charter provides that no assessment made in the original
proceeding in the municipal court in the matter of widening
the street "shall be affected or interfered with for the reason that
any other assessment made in the same proceeding may be
invalid in whole or in part," the city is given power, by a sup-
plemental proceeding, to subject only property omitted by mis-
take or illegally assessed to its proportional part of the costs of
the improvement, and the assessment as to other property as to
which the assessment was regular may be enforced, and cannot
be tried *de novo* on an appeal to the circuit court from a judg-
ment in the municipal court in the supplemental proceeding,
there being no appeal from the judgment in the original pro-
ceeding.

6. ———: ———: ———: ———: ———: Property Taken
and Damages Paid. Another reason for holding that the original
judgment in the municipal court in the original proceedings,
unappealed from, is not vacated by the supplemental proceed-
ing, and that the assessment of damages as to the property taken
is not triable *de novo* in the circuit court upon an appeal from
the judgment in the supplemental proceedings by the owners of.

property omitted or illegally assessed, is that the charter pro-
vides that, when recommended by the board of public works,
the city may pay the damages awarded for the property taken
and have possession thereof before the assessments for benefits
are collected, and that, such assessments, when collected, are
credited to a fund to reimburse the city. On an appeal from the
judgment in the supplemental proceeding, because of a defect as
to some of the property assessed with benefits, the circuit court
would not take up for ascertainment *de novo* of compensation
for the property taken by the city, for the owners would have
received the amount awarded them as damages, and the city
would own and be possessed of the property, and neither such
owners nor the city would have any further interest in the pro-
ceeding.

7. ————: ————: ————: ————: ————: **Balancing Dam-
ages and Benefits.** The fact that a condemnation proceeding is
an entirety, and that the damages and benefits must balance, is
not a sufficient reason for vacating the judgment of the municipal
court as to damages and benefits settled by it and acquiesced in,
or for a trial *de novo* as to such matters in the circuit court
on an appeal to it from a judgment in the supplemental proceed-
ing.

8. ————: **Necessary Parties: Property Owners in District.**
Property owners in the benefit district whose property is not
taken but which will be charged with its share of the damages
to be paid for the property taken for the street, are not neces-
sary parties to the issue of the value of the property to be taken
for the street; nor is it a denial of due process of law to deny
to them a day in court to aid in preventing an unduly high
valuation of the property to be taken, whose value in the end
must be assessed against their property. The necessary parties
are the city as plaintiff and the owners of the property to be
taken as defendants; though, as a matter of grace, the owners
of other property in the benefit district may be permitted to aid
in preventing a too high valuation.

9. ————: **Prohibition: Widening Street: Appeal: Trial De Novo.**
The writ of prohibition is available to keep a trial court within
the limits of its powers in a particular matter. Where judg-
ment was rendered in the municipal court in the original pro-
ceedings to widen a street for damages for the property taken,
and no appeal was taken from that judgment, and thereafter
an ordinance was passed for a supplemental proceeding to cure
defects in the original proceeding, and an appeal was taken
from the judgment in the supplemental proceeding to the cir-
cuit court, the writ of prohibition is available to prevent the
circuit court from trying *de novo* the question of damages for

the property taken and the amount of benefits assessed against certain properties in the district and paid, and all other things settled by the judgment in the original proceeding and acquiesced in.

## Prohibition.

WRIT ALLOWED.

*C. S. McLane, W. C. Culbertson* and *R. W. Crimm* for relators.

(1) The charter of Kansas City does not provide for an appeal in a supplemental proceeding begun in the municipal court of Kansas City from that court to the circuit court, and the respondent has no jurisdiction over the supplemental proceeding over which he has assumed jurisdiction. Sec. 23, Art. 6, Charter; Sec. 6, Art. 6, Charter; 1 Bouvier's Law Dictionary, 149; Wiscaret v. D'Auchy, 3 Dallas (U. S.), 327; Aldridge v. Spears, 101 Mo. 406; Owens v. Matthews, 226 Mo. 78; Drainage District v. Railroad, 216 Mo. 709; Wilson v. Township, 23 Mo. 416; State ex rel. v. Bland, 189 Mo. 208; State v. Thayer, 158 Mo. 37; State v. Clipper, 142 Mo. 474; State v. Carr, 142 Mo. 607; State v. Cornelius, 143 Mo. 179; State v. Van Brunt, 147 Mo. 20; State v. Beagles, 174 Mo. 624; State v. Rozelle, 174 Mo. 632. (2) The respondent has no jurisdiction to award damages for land taken for a street because the ordinance under which he is assuming to act does not ask to have such damages awarded. Tarkio v. Clark, 186 Mo. 297; St. Louis v. Brinckwirth, 204 Mo. 280; Munday v. Vail, 34 N. J. L. 422; Corwithe v. Griffing, 21 Barb. (N. Y.) 14; Hope v. Blair, 105 Mo. 93; Stark v. Kirchgraber, 186 Mo. 633; King v. Chase, 15 N. H. 16; Reynolds v. Stockton, 140 U. S. 269; Unfried v. Heberer, 63 Ind. 72; McFadden v. Ross, 108 Ind. 517; 23 Cyc. 818; Waldron v. Harvey, 54 W. Va. 613; Newman v. Bullock, 23 Colo. 222; Sache v. Wallace, 101 Minn. 172; Charles v. White, 214 Mo. 208; Sec. 23,

Art. 6, Charter. (3) Prohibition will lie if the supplemental proceeding cannot be taken to the circuit court by an appeal, and will also lie, if there is a right of appeal, to prevent the respondent from exercising any jurisdiction over matters not brought before the court by the supplemental ordinance. State ex rel. v. Bright, 224 Mo. 535; State ex rel. v. Williams, 221 Mo. 246, 266; State ex rel. v. Reynolds, 209 Mo. 191; State ex rel. v. Fort, 210 Mo. 525; State ex rel. v. Bradley, 193 Mo. 46; State ex rel. v. Sale, 188 Mo. 493; State ex rel. v. Fort, 178 Mo. 518.

For respondent's brief, see under State ex rel. v. Seehorn, *ante*, p. 541.

KENNISH, J.—Relators filed their petition in this court praying the issuance of a writ of prohibition against the respondent as judge of Division No. 3 of the circuit court of Jackson county. The cause sought to be prohibited is a condemnation proceeding now pending in said Division No. 3, in which the property of relators is proposed to be taken for public use in widening Sixth street, between Broadway and Bluff streets, in Kansas City. A preliminary writ was issued upon the filing of the petition, and in due time respondent filed his return. Relators filed a demurrer to the return, and upon the issues of law thus raised the case was argued and submitted for decision.

The case of State ex rel. Graham et al. v. Seehorn, respondent, decided at the present term of this court and reported at page 541 of this report, is a companion case and almost identical in its facts with the facts pleaded and admitted in this case. A full statement of the facts will be found in the Graham case, and it is not deemed necessary to repeat them at length herein.

Briefly, the important facts necessary to an understanding of this case are the following:

A condemnation proceeding was instituted by ordinance 3209, passed by the common council of Kansas City, in which the property of the relators was proposed to be taken for the widening of a public street, and a benefit district created for the purpose of providing the necessary compensation to be paid for the property so taken, by making the several tracts and parcels of property therein subject to tax assessments for special benefits received by reason of the proposed improvement. The proceedings regularly progressed until, under the provisions of the charter, an order was required to be made by the municipal court, giving notice of the pendency of the proceedings, and of the impaneling of a jury, at the time and place named, to fix the compensation for the property to be taken and to assess benefits against the property within the benefit district. The order was duly made and published in the proper newspaper and a copy thereof served upon each of the owners of the property to be taken. Personal service of the order was not required upon the owners of the property within the benefit district.

In compliance with the order and the provisions of the charter, the jury returned their verdict, in which compensation for the property condemned was awarded in the total sum of over $168,000. The city was assessed with its proportional part of the benefits received, and each tract of property in the benefit district was also assessed its proportional part, according to the benefits received. The verdict was confirmed by the council and judgment thereon rendered by the municipal court. No appeal having been taken within the time allowed, a copy of the verdict was delivered to the city treasurer, and more than half of the benefits assessed were paid before any question was raised as to the validity of the proceedings. It was then discovered that the order of the municipal court for the impaneling of the jury was not published

as required by the charter and that by reason of such defect, the collection of the unpaid assessments could not be enforced. An injunction suit, brought by the property owners who refused to pay their assessments, was tried with the result that the municipal officers were enjoined from enforcing the collection of such assessments. Thereupon an ordinance was introduced in the common council for the purpose of repealing the original ordinance under which the proceedings had thus far been conducted, with a view of beginning new proceedings for the proposed improvement. Relators herein, owners of the property proposed to be taken, brought an injunction suit to enjoin the passage of said ordinance, upon the ground that a final judgment had been rendered, fixing the damages for the property to be taken, which judgment was unappealed from and under which rights had become vested. This suit was tried and the injunction was granted as prayed for.

Sec. 23 of Art. 6 of the charter of said city provides that the city may carry on and maintain supplemental proceedings to properly assess any property in the benefit district "against which an assessment was in the first proceeding erroneously made or omitted to be made," and that, "such supplemental proceedings shall be instituted and conducted as to the particular piece or pieces of private property sought to be included or assessed, in like manner and with like effect as in the original proceedings, and shall be known and described as supplemental proceedings for the purposes specified in the original ordinance." Pursuant to the provisions of said section 23, ordinance 7539 was introduced in the common council for the purpose of levying assessments of benefits against property within the benefit district, as fixed by the original ordinance, and "against which an assessment was in the first proceeding erroneously made or which was omitted to be made." Due notice was given, a jury

impaneled and a verdict returned to the municipal court. This verdict purported to assess the total amount of compensation as found by the jury in the original proceedings to be paid to the owners of the property to be taken or damaged, and also assessed benefits against all of the tracts or parcels of land in the benefit district, including as well the tracts and parcels the assessments upon which, under the original proceedings, had been paid to the city treasurer, as the tracts and parcels upon which payment of the assessments had been refused. The verdict was confirmed by the council and judgment rendered thereon by the municipal court. Within the time allowed an appeal was taken to the circuit court of Jackson county and the cause regularly assigned to Division No. 3, presided over by respondent. In the circuit court the relators filed a plea to the jurisdiction, challenging the jurisdiction of the court to proceed against relators, upon a number of grounds therein stated. The plea to the jurisdiction was overruled and the cause called for hearing. Respondent gave it as his opinion that the cause would then be tried *de novo,* both as to compensation for property taken and as to the assessment of benefits upon all of the property within the benefit district, as though the appeal was from the proceedings under the original ordinance. Upon the foregoing intimation of the court, relators gave notice that a writ of prohibition against respondent would be applied for in this court, and thereupon further proceedings were suspended.

Relators base their right to a writ of prohibition against respondent upon the three grounds following:

"(1) The charter of Kansas City does not provide for an appeal in a supplemental proceeding begun in the municipal court of Kansas City from that court to the circuit court and the respondent has no jurisdiction over the supplemental proceeding over which he has assumed jurisdiction.

"(2) The respondent has no jurisdiction to award damages for land taken for a street, because the ordinance under which he is assuming to act does not ask to have such damages awarded.

"(3) Prohibition will lie if the supplemental proceeding cannot be taken to the circuit court by appeal, and will also lie, if there is a right of appeal, to prevent the respondent from exercising any jurisdiction over matters not brought before the court by supplemental ordinance."

I. The first proposition urged by relators is that no appeal is allowed by the charter from the verdict and judgment in a supplemental proceeding in the municipal court to the circuit court, and that as the case against which prohibition is asked is such an alleged appeal, respondent is without jurisdiction to proceed therein.

The general provision of the charter, section 6 of article 6, as to the right to an appeal, is: "In case the city, or any person affected by the proceedings, either as the owner thereof or interested in any of the property taken or damaged, or as the owner of, or interested in any of the property assessed, shall feel aggrieved by the verdict of the jury, such party so aggrieved may, within twenty days from the time the verdict of the jury is confirmed, appeal to the circuit court of Jackson county, Missouri, at Kansas City." Section 23 of article 6, authorizing supplemental proceedings, provides that: "Such supplemental proceedings shall be instituted and conducted as to the particular piece or pieces of private property sought to be acquired or assessed, in like manner and with like effect as in the original proceedings, and shall be known and described as supplemental proceedings for the purposes specified in the original ordinance." The language thus used as to the procedure in supplemental proceedings, when considered in the light of the

large number of tracts of real estate and of owners thereof to be affected, and the correspondingly increased liability to mistake, leaves little doubt that the intention of the framers of the charter was to provide a remedy by which such mistakes could be corrected, while permitting the original proceedings, so far as regular, to remain in force and effect, and that in supplemental proceedings brought for that purpose the property owners should be entitled to all the rights accorded to those whose property was assessed or taken in the original proceedings. Any other construction is unreasonable and would render such provisions of the charter invalid, upon the ground that it would deny to some owners of property rights conferred upon others of the same class. In construing a statute the rule is: "The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to the intent." [2 Lewis's Sutherland on Statutory Construction (2 Ed.), 363.] Applying this rule to the clause of the charter that supplemental proceedings shall be "instituted and conducted . . . in like manner and with like effect as in the original proceedings," we are of the opinion that the same course of procedure should be followed in both cases, so far as practicable, and that the right of appeal was intended to be open to any party in interest in a supplemental proceeding.

II. Relators' second contention is as follows: "The respondent has no jurisdiction to award damages for land taken for a street, because the ordinance under which he is assuming to act does not ask to have such damages awarded." The foregoing too narrowly states respondent's position as to the effect of the appeal from the verdict in the municipal court. That position, as set forth in the return, is: "That said appeal so taken operates to carry the entire proceed-

ings to the circuit court for rehearing and trial *de novo;* that when said cause has reached the circuit court of Jackson county, Missouri, in said manner and method, it was there as though it had been appealed (by a party interested) from the first proceeding had in the municipal court under ordinance 3209, and there should be ascertained *de novo* the amount of damages to be allowed for the property taken and the amount of assessments to be levied against property in the benefit district as benefits from the opening and widening of said street.''

Relators maintain that although the publication of the order of the municipal court under ordinance 3209 was defective, yet the court had jurisdiction of the subject-matter and of all property owners, both of the benefit district and of the property to be condemned, who appeared and participated in the proceedings; that as to them, when the verdict and judgment in the municipal court was unappealed from, was delivered to the city treasurer for collection and a large amount of the assessments paid, it became *res adjudicata,* the subject-matter of which respondent had no power to readjudicate in a supplemental proceeding brought to assess other property omitted by mistake in the first. Both relators and respondent stand committed to the theory that the original proceeding was regular and binding upon the parties appearing thereto, up to some point in the progress thereof in the municipal court; otherwise, there would be no basis for a supplemental proceeding, nor for the injunction against the city when it sought to begin the proceedings anew.

In elucidation of respondent's contention upon this point, we quote from his brief as follows:

''It is undoubtedly true that if an error had been committed in the proceedings in the municipal court, and that error had been discovered in the proceedings in that court, a supplemental proceeding in that court

would have been necessary to cure the defect thus dis-
covered, and the judgment of the municipal court
would be affected only in so far as it was necessary to
correct the same in curing the defect. Thus, for ex-
ample, if proceedings had been regular in the munici-
pal court with reference to ascertainment of damages
for property taken, and irregular with reference to the
assessments of benefits against property in the benefit
district, the supplemental proceeding would have been
directed solely to the correction of the error in the as-
sessing of benefits. And the judgment in the original
proceeding would be cured by the correction of that
judgment in the supplemental proceeding. The origi-
nal judgment in such a case would, in a sense, be an
interlocutory judgment, to be perfected and ripened
into a final judgment, upon the conclusion of the sup-
plemental proceeding. If there had been no appeal,
either from the judgment in the original proceeding
or from the judgment in the supplemental proceeding,
in the mayor's court, the corrected judgment in that
court would be final and would be one entire judgment.
A condemnation proceeding under the Kansas City
charter is 'one proceeding, not many; one judgment
and not several.' "

The position of the respondent, as shown by the
above excerpt, is that if an appeal had not been taken
in the supplemental proceedings, then the verdict in
the original proceedings should be corrected by the
verdict in the supplemental proceedings, so as to in-
clude all property affected, and then, as corrected, to be
delivered to the city treasurer, or in case of an ap-
peal, to be transferred to the circuit court, where the
entire case would be reopened for trial *de novo*. This
view is not in accord with the course pursued by the
city in the municipal court, for, as shown by the rec-
ord, the jury in the supplemental proceedings assessed
all of the property in the benefit district and also al-
lowed compensation for all of the property to be tak-

en, and this, notwithstanding the fact that the ordinance and the order of the municipal court purported to be for the sole purpose of making assessments as to property "against which an assessment was in the original proceeding wrongfully made or which was omitted to be made." It seems obvious that the jury in the supplemental proceeding would have no authority to include in their verdict the estimate of damages and benefits as found by the former jury, in regard to property not included in the supplemental proceedings, for, as only those whose property was omitted in the original proceedings were notified to appear in the supplemental proceedings, the scope of the verdict could not extend beyond such persons and their property. We are satisfied that the jury in the supplemental proceedings were without authority to include in their verdict assessments of benefits and damages upon property properly included in the first verdict.

If the verdict in the original proceedings was valid as to those who appeared and who accepted it, why should it become "interlocutory" merely because supplemental proceedings were necessary as to other property, and be entirely vacated because an appeal was taken in such supplemental proceedings? We are of the opinion that the original proceedings, when unappealed from, became *res adjudicata* and not subject to trial *de novo* in the supplemental proceedings, and for the following reasons:

(a) The charter makes no provision for vacating the original proceedings or treating them as interlocutory in case of supplemental proceedings. On the contrary, it is expressly provided that the common council may repeal the ordinance for the proposed improvement "at any time before any of the parties assessed with benefits shall have paid the amount so assessed . . . and in such event the judgment for compensation and benefits shall be void." Under a

well recognized principle of construction, the right of the city to avoid the proceedings and judgment before the payment of any benefits, excludes such a right after benefits have been paid.

(b) It is provided by Sec. 4 of Art. 6 of the charter that "no assessment shall be affected or interfered with for the reason that any other assessment or assessments made in the same proceeding may be invalid in whole or in part." This provision would preclude, as a valid defense to the enforcement of the assessment, the fact that other property benefited was not legally assessed. If the city can enforce the collection of assessments in such cases, it must be for the reason that the judgment is final and not merely interlocutory, and if final as to the city it is also final as to the property owner. The reason underlying this provision of the charter is apparent, namely, that as the city is given power to subject property omitted by mistake to its proportional part of the cost of the improvement, by a supplemental proceeding, there is no reason why the assessment of other property should not be paid if, as to it, the assessment was regular.

(c) By section 8 of article 6 it is provided that when recommended by the board of public works, the city may pay the damages awarded for the property taken and have possession thereof before the assessments for benefits are collected. In such case the assessments, when collected, are credited to a fund to reimburse the city. If after the city had thus acquired the property, a defect should be discovered in the proceedings as to some of the property assessed with benefits, and there was a refusal to pay for that reason, as was done in this case, would a supplemental proceeding to remedy such defect, and an appeal therefrom to the circuit court, take up the entire case for trial *de novo,* including the ascertainment of compensation for the property taken? Clearly it would not, for the owners would have received the amount award-

ed as damages, either in the municipal court or on appeal in the circuit court, and would have no further interest in the proceedings; and, besides, the city conducting the condemnation proceedings would itself own and be possessed of the property taken.

(d) By Sec. 5 of Art. 6 of the charter it is provided that if the property to be taken is owned by an incorporated company, such company may file in the municipal court a petition demanding a trial by a common law jury. This petition must be filed before the jury is impaneled, and the entire case, without further action in the municipal court, must then be transferred to the circuit court. If supplemental proceedings should be made necessary because of a defect in the taking of property belonging to such a company and a petition as above should be filed in the municipal court, where, in such case, would the supplemental proceeding, as stated by respondent, begin to "ride with the original proceeding and accompany it through its course?" If at the stage in which the petition is so filed, then it would be before the municipal court acquired jurisdiction of those property owners who were not legally served, but voluntarily appeared.

Many other illustrations could doubtless be given from the several provisions of the charter, to show the unsoundness of the construction that an appeal to the circuit court in a supplemental proceeding necessitates a retrial of the entire case intended to be included in the original proceeding.

We shall now consider the main objections urged by respondent in opposition to the construction of the charter as herein adopted.

It is contended that a condemnation proceeding is an entirety—that there is the compensation to be allowed on the one hand and the assessments of benefits on the other, the benefits to correspond exactly in amount with the compensation, and that such result could not be secured if the compensation and benefits

were not determined by the same jury. There are two sufficient answers to that contention. First: As only the property not legally assessed in the original proceeding and the owners thereof are included within the provisions of the ordinance authorizing the supplemental proceeding, and such owners only are notified of the impaneling of the jury in the municipal court, it cannot be maintained that the jury so impaneled in the supplemental proceeding is clothed with authority to balance damages and benefits, when in so doing it would necessarily require an exercise of authority over persons and property not in court. Second: The charter recognizes that conditions may arise in which the assessments may exceed or may not equal the compensation allowed, by providing for a reduction of assessments in the one case (section 4, article 6) and for paying out of the city treasury the deficiency, by reason of a failure to collect assessments, in the other (section 13, article 6).

It is also urged that the charter contemplates "that the property owners in the benefit district shall have their day in court on the question of the amount of the allowance to be made for the property taken and damaged." It is plausibly argued in support of the foregoing that as the property owners of the benefit district and the city must pay the damages awarded for property taken, they should have their day in court as to the amount of damages for which their property shall become charged.

In the exercise of the right of eminent domain in the taking of private property, as in the case in hand, the necessary parties are the city as the plaintiff, on the one side, and the property owner as the defendant, on the other. And while it would be entirely proper as a matter of grace to permit the owner of property in the proposed benefit district to aid the city in preventing an unduly high valuation of the property condemned, yet such owner would have no standing

in court as a necessary party. [St. Louis v. Ranken, 96 Mo. 497; St. Louis v. Brinckwirth, 204 Mo. 280; St. Louis v. Calhoun, 222 Mo. 44; Pleadwell et al. v. Glass Co., 151 Mo. App. 51; Kansas City v. Smart, 128 Mo. 272; 1 Page & Jones on Taxation by Assessment, 213; Goodrich v. Detroit, 184 U. S. 432.]

In the case of Kansas City v. Smart, supra, a proceeding under charter provisions similar to those involved in this case, in answer to questions raised by owners of property in the benefit district as to a denial of the rights of owners of property to be taken, this court, l. c. 292, said: "No person is interested in the *compensation* to be awarded these incorporated companies, except the city and the companies."

The same subject is discussed in the case of Goodrich v. Detroit, supra. The contention of the owners of the property to be assessed, and the answer thereto, are stated by the court (l. c. 437) as follows:

"The argument of the plaintiffs is that the owners of the property liable to be assessed for the *benefits* are just as much interested in the question as to the necessity of making the improvement and the amount of compensation as are the owners of land to be taken for such improvement, and the same reasons for notice apply in the one case as in the other. . . .

"The law in this court is too well settled to be now disturbed, that the interest of neighboring property owners, who may possibly thereafter be assessed for the benefit to their property accruing from opening a street, is too remote and indeterminate to require notice to them of the taking of lands for such improvement in which they have no direct interest. The position of plaintiffs in this particulaar would require a readjustment of the entire proceedings, and a determination of the property incidentally benefited, before any proceedings are taken for the condemnation of the land directly taken or damaged by such improvement. It might be argued upon the same lines that,

whenever the city contemplated a public improvement of any description, personal notice should be given to the taxpayers, since all such are interested in such improvements and are liable to have their taxes increased thereby. It might easily happen that a whole district or ward of a particular city would be incidentally benefited by a proposed improvement, as for instance, a public school, yet to require personal notice to be given to all the taxpayers of such ward would be an intolerable burden. Hence, it has been held by this court that it is only those whose property is proposed to be taken for a public improvement that due process of law requires shall have prior notice.''

The foregoing authorities fully answer respondent's complaint as to the right of the property owners in the benefit district to a hearing on the question of the compensation to be allowed for property taken, and make further discussion unnecessary.

III. The question remains: Are relators entitled to relief by prohibition?

It is the recognized law of prohibition that the writ will lie to prevent the exercise of judicial power in a case where there is a want of jurisdiction in the court to exercise any judicial authority, or where the court is acting in excess of its jurisdiction in a case rightfully before it. [State ex rel. v. Tracy, 237 Mo. 109, and authorities cited; State ex rel. v. Fort, 210 Mo. 512, and authorities cited; State ex rel. v. Bradley, 193 Mo. 33; State ex rel. v. Sale, 188 Mo. 493; State ex rel. v. Fort, 178 Mo. 518.]

In State ex rel. v. Fort, 210 Mo. l. c. 525, this court stated the law as follows:

''It cannot be doubted that (subject to a judicial discretion to be exercised in issuing all discretionary writs) the writ of prohibition may go to confine a court within the limits of its jurisdiction whether such court has no jurisdiction at all or is exercising powers

in excess of its rightful jurisdiction. So much is elementary. The writ may go whenever judicial functions are assumed, not rightfully belonging to the person or court assuming them. Generally speaking, it is available to keep a court within the limits of its powers in any particular matter, as well as to prevent the exercise of jurisdiction in a cause not given to it by law. [State ex rel. v. Foster, Judge, 187 Mo. 590; State ex rel. v. Elkin et al., County Judges, 130 Mo. 90; State ex rel. v. Eby, Judge, 170 Mo. 497; State ex rel. v. Bradley, Judge, 193 Mo. 33; State ex rel. v. Fort, Judge, 178 Mo. 518.]''

We have held that neither the municipal court in the supplemental proceedings, nor the circuit court on appeal, had jurisdiction over relators' property. As relators limited their appearance in the circuit court specially for the purpose of challenging the court's jurisdiction, there was a want of jurisdiction, both as to the subject-matter and the persons, and as respondent as judge of said court was about to exercise judicial power in a matter in which the court was without jurisdiction, relators have shown themselves entitled to the relief prayed for.

It follows that the preliminary rule should be made absolute. It is so ordered. *Valliant, C. J., Lamm, Ferriss* and *Brown, JJ.*, concur; *Graves, J.*, concurs in the result; *Woodson, J.*, not sitting.