## CARTER et al. v. MARSHALL ELECTRIC CO. et al. (No. 2502.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 16, 1922. Rehearing Denied March 16, 1922.)

Eminent domain ⬤�177—Persons owning interest in land to be taken only proper parties to condemnation suit.

Persons owning property "in the vicinity of" or "in close proximity" to a street, part of which was condemned under Vernon's Ann. Civ. St. 1914, arts. 1283a, 1283c, 1283d, 6504, have not such interest in the land sought to be condemned as to become proper parties.

Appeal from Harrison County Court; W. H. Strength, Judge.

Condemnation suit by the Marshall Electric Company against the City of Marshall, in which A. G. Carter and others sought to intervene. From a judgment for plaintiff, and dismissing interveners' suit, interveners appeal. Affirmed.

The Marshall Electric Company, one of the appellees, a corporation under the laws of Texas, by a suit it brought against the city of Marshall, the other appellee, sought to condemn a part of West Crockett street in said city for use in connection with its plant for generating electricity, which it furnished to users thereof in said city and in the cities of Longview and Jefferson. Appellants, who alleged that they were citizens and taxpayers of the city of Marshall, and owned "residences or other property in the vicinity" of said street, "and in such close proximity thereto as that they believed the values and use" of same would be "injuriously affected by the said street being closed," and who further alleged that one of them, to wit, A. E. Grimes, owned property "on said street 60 feet from the part sought to be closed," sought to intervene in the suit by a petition filed July 1, 1921. They asked leave to so intervene for the purpose of "making defense on behalf of the city and the property owners," because, they alleged, they had been informed and believed that the city commissioners and city attorney had—

"agreed that no substantial or meritorious defense will be urged on behalf of the city in opposition to the said condemnation proceedings, and that, if these parties asking the privilege to intervene and defend said condemnation proceedings shall be denied the right to do so, that the said street will be condemned and closed without substantial or efficient defense or protest made to said comdemnation proceedings."

They then alleged that, if permitted to intervene, they would—

"show that the said condemnation proceedings are invalid, unauthorized, and without warrant

of law, in that the said Marshall Electric Company has no right or power to condemn and close any of the streets of the city, and if closed same would specially damage the value and use of the property owned by them in the neighborhood of the portion of said street to be closed."

The city of Marshall having filed objections to the report of commissioners appointed as provided in the statute (articles 1283c, 1283d, 6508, Vernon's Statutes), the cause was tried and disposed of by the court. The appeal is from a judgment entered in conformity to an agreement between the electric company and the city, whereby the part of Crockett street in question was condemned for use by the former as prayed for by it, on conditions specified, and whereby the petition of appellants intervening in the suit was dismissed, the court being of the opinion, it is recited in the judgment, that they had "no right to intervene or object or protest or be heard herein."

S. P. Jones and A. G. Carter, both of Marshall, for appellants.

Prendergast & Prendergast, of Marshall, for appellees.

WILLSON, C. J. (after stating the facts as above). We do not think the trial court erred when he dismissed appellants from the suit as he did. The suit was a statutory one to condemn and take land on which a part of West Crockett street was laid out. The only proper parties to it, other than the traction company and the city, were persons who owned an interest in that particular piece of land (articles 1283a, 1283c, 1283d, 6504, Vernon's Statutes; 20 C. J. 119; Selectmen of Norwood v. New York & N. E. R. Co., 161 Mass. 259, 37 N. E. 199; Ry. Co. v. Karcher, 112 Ala. 676, 21 South. 825; In re St. Paul & N. P. Ry. Co., 34 Minn. 227, 25 N. W. 345; Henderson v. City of Lexington [Ky.] 111 S. W. 318, 22 L. R. A. [N. S.] 20; State v. Seehorn, 246 Mo. 568, 151 S. W. 724), and it did not appear from the allegations in the petition by which appellants sought to intervene in the suit that they were such persons. The fact, as alleged, that appellants owned property "in the vicinity" of or "in close proximity" to said part of West Crockett street did not show an interest in them in the land the traction company sought to take; nor did the fact, as alleged, that one of them owned property which abutted on another part of said street show such an interest in him. Ry. Co. v. Karcher, 112 Ala. 676, 21 South. 825; Selectmen of Norwood v. New York & N. E. R. Co., 161 Mass. 259, 37 N. E. 199. Those allegations, at most, showed only that, if the land in question was taken by the traction company, appellants would be deprived in common with the public generally of a right they had to use it for street purposes, and they possessed that right subject to the power conferred upon the city commissioners to alter, vacate, close, and regulate the use, etc., of streets within the city limits. Charter of the City of Marshall, § 231; Special Laws 1909, p. 78. Neither appellants nor the courts at their instance had a right to interfere with the exercise by said commissioners of power the Legislature so conferred upon them; certainly not in the absence of facts showing fraud on their part in the exercise thereof. 2 Abbott on Mun. Corp. § 570.

The fact, as alleged, that appellants' property would be "specially damaged" by the closing of the part of the street in question might entitle them to maintain a suit for such damages when same accrued, but it was not a reason why the court should have permitted them to be heard in the condemnation proceedings. If power to close the street and permit the traction company to use the land as proposed existed, exercise of the power could not be stayed because injury to appellants would result therefrom. If such power did not exist, right to use the street as proposed could not be conferred upon the traction company. If it could not, then appellants had no right to be heard in the condemnation proceedings, for no right they possessed could be prejudiced by any action had in those proceedings.

The judgment is affirmed.