## WRIGHT et al. v. CITY OF DALLAS.
## No. 10894.

Court of Civil Appeals of Texas. Dallas. Oct. 27, 1930.

Rehearing Denied Dec. 6, 1930.

John W. Pope, of Dallas, for appellants.

James J. Collins, City Atty., and A. A. Long, W. Hughes Knight, H. P. Kucera, and A. J. Thuss, Asst. City Attys., all of Dallas, for appellee.

LOONEY, J.

The governing body of the city of Dallas, acting under provisions of title 28, chapter 17, R. S. 1925, and applicable provisions of the city charter, determined, and so declared by resolution, to widen and straighten South Akard street from Jackson to Corinth. The city engineer was caused to prepare and submit the necessary preliminary report; proceedings were begun and prosecuted before the county judge of Dallas county for the condemnation of all property to be taken outright in the widening and straightening process, and commissioners were appointed to apportion the cost of the improvements and report the amount properly chargeably against each parcel of property abutting on or in the vicinity of the improvements.

Mrs. Dela Wright, wife of G. G. Wright, appellants, owned an abutting lot located at the corner of Wood and Akard streets, having a frontage of 107½ feet on Wood and 94½ feet on Akard, no part of which, however, was taken or condemned, but the purpose was to levy an assessment thereon for alleged special benefits accruing from the improvements. The commissioners appointed to perform this service set a time for hearing, appellants were notified of the proposal to assess their property, were represented at the hearing by counsel, and contested the same in writing. After hearing evidence, the commissioners found and reported to the governing body of the city that appellants' property was benefited, in enhanced value from the improvements, $13,584.35; thereupon, the report was approved by said authorities and an ordinance was enacted by them assessing appellants and their said property the amount above mentioned, authorizing the issuance of an assignable certificate bearing 7 per cent. interest per annum, payable to the city or the purchaser thereof, in annual installments, declaring the personal liability of said owners and fixing a lien on the property.

Within ten days thereafter, appellants filed this suit to set the assessing ordinance aside, alleging certain errors, and invalidities in the proceedings, that their property received no benefit from the improvements, and alleged further that the governing body of the city was endeavoring to sell and assign the certificate, that same would be a cloud upon their title, therefore sought the issuance of a temporary writ enjoining said authorities from selling or assigning the certificate during the pendency of the suit.

The court set the application down for hearing, but, in the meantime, issued a restraining order. Appellees answered at length, alleging, among other things, that the city had the legal right to assign the certificate pending suit; that appellants could not be prejudiced, as they had an adequate legal remedy, in that they could avail themselves of any defense to an action by an assignee that could be urged if sued by the city; hence they were not entitled to injunctive relief. On hearing the court dissolved the restraining order and denied appellants' prayer for the issuance of a temporary writ, from which this appeal is prosecuted.

We will not anticipate questions that may arise on the trial of the cause on its merits, but decide only the one question presented by appeal, that is, the right of appellants to

the temporary writ, which involves the alleged abuse of discretion on the part of the trial judge in denying such relief.

Article 1219, R. S. 1925, provides that: "Any property owner against whom or whose property an assessment or reassessment has been made, may, within ten days thereafter bring suit to set aside or correct the same, or any proceeding with reference thereto on account of any error or invalidity therein, but thereafter such owner, his heirs, assigns, or successors shall be barred from such action or any defense of invalidity in such proceedings or assessment or reassessment, in any action in which the same may be brought into question."

The suit filed to set aside the assessment effectually suspended the assessing ordinance as to appellants and forbade further action thereunder until the issues involved in the suit are settled.

The procedure under the statute above quoted is similar to and, in legal effect, the same as that prescribed in the Workmen's Compensation Law, art. 8307, R. S. 1925, amended by Acts 40th Leg. (1927) c. 223 (Vernon's Ann. Civ. St. art. 8307), which provides that an interested party, not willing to abide by the final decision of the Industrial Accident Board, shall, within twenty days after the giving of certain notices, file suit in a court of competent jurisdiction to set the same aside. Commenting upon this statute, Judge Gallagher, in Texas, etc., Ass'n, v. Nunamaker (Tex. Civ. App.) 267 S. W. 749, 751, said: "The bringing of a suit to set aside such an award, while in the nature of an appeal from the action of the board, is not, strictly speaking, an appeal in fact. The effect of filing such suit is similar to the effect of appealing from a judgment of the justice court. The filing of suit suspends the award, and, when such suit is prosecuted to final judgment, such judgment effectively supersedes such award and becomes a judicial determination of the rights of the parties."

We think the principle announced by the Waco court is correct, and that it is applicable to the case at bar.

The contention is made, however, that, in any suit by an assignee of the certificate, appellants can urge defensively all facts relied upon by them for injunctive relief; therefore, having an adequate remedy at law, were not entitled to equitable relief. To this we cannot agree. The suggested remedy would not, in our opinion, prove adequate. Such a suit, in fact any lawsuit, will prove to be provocative of a damage from annoyance, lost time, and expense, that even a successful defense of the suit cannot repair. Appellants availed themselves of the only means of suspending the proceedings, by instituting suit to set the assessment aside, and it occurs to us that their right to be protected against even the menace of a suit on a cause of action, inchoate in nature, is clear.

The order of the trial judge is reversed, and an order will be entered granting appellants the temporary relief sought; the cause will be remanded to the trial court, with instructions to cause to be issued the necessary writ, on appellants executing the statutory bond approved by the clerk, in an amount to be specified by the trial judge.

Reversed and remanded, with instructions.