**WRIGHT et al. v. CITY OF DALLAS.**
**No. 11315.**

Court of Civil Appeals of Texas. Dallas.
Oct. 14, 1933.

Rehearing Denied Nov. 10, 1933.

John W. Pope, Sr., and Eckford & Mc-Mahon, all of Dallas, for appellants.

Hugh S. Grady, W. Hughes Knight, A. J. Thuss, and H. P. Kucera, all of Dallas, for appellee.

LOONEY, Justice.

The governing body of the city of Dallas, acting under its charter and the provisions of chapter 17, title 28, R. S. (article 1201 et seq.), adopted a resolution providing for the widening and straightening of South Akard street; all preliminary steps were taken down to and including the enactment of an ordinance assessing abutting property specially benefited from the improvements. Mrs. Dela Wright, wife of G. G. Wright, appellants, owner of a lot fronting 94½ feet on Akard, assessed $13,584.35 for special benefits and enhanced value by reason of the improvement, filed suit, under article 1219, R. S., to set aside the proceedings, alleging certain errors and invalidities therein, and, further, that the property had not been benefited or enhanced in value in any amount. The city traversed these allegations; the case was submitted to a jury, and, on findings to the effect that appellants' property had received special benefits and was enhanced in value to the extent of $9,500, the court rendered judgment against appellants accordingly, from which they appealed.

This is the second appeal of the case; the former involved simply the right of appellants to a temporary writ, enjoining the city, during the pendency of the suit, from selling or assigning the tax or lien certificate; record of this appeal is found in (Civ. App.) 33 S.W.(2d) 223; also see opinion of the Supreme Court, on application for writ of error, in 120 Tex. 190, 200, 36 S.W.(2d) 973, 77 A. L. R. 709.

■ Appellants say that the assessment is void, because, when made, the governing body of the city was vested with both legislative and executive authority, contrary to both State and Federal Constitutions (Const. Tex. art. 2). In view of the history of municipal government in this state, revealing legislative provisions for and judicial approval of similar proceedings, we do not deem it necessary to say more, on this point, than that the legislative body of the city, the commission, in levying the assessment against appellants' property, acted within the scope of its undoubted authority.

■ Another attack made on the proceedings is that the commissioners, appointed to assess damages for property taken to widen the street, failed to notify appellants of said hearings; the contention being that, as their property was subject to assessment for the cost of the improvement, including damages for the property taken, they were entitled to notice of such hearings, and to participate therein. To this contention we cannot agree.

The commissioners were not required to notify any one, except those interested in the title to the property actually taken. See article 3264, R. S.; Carter v. Marshall Electric Co. (Tex. Civ. App.) 238 S. W. 1015; City of Houston v. Wynne (Tex. Civ. App.) 279 S. W. 916. The Supreme Court of Missouri, disposing of a similar contention, in State v. Seehorn, 246 Mo. 568, 151 S. W. 724, 728, said: "It is also urged that the charter contemplates 'that the property owners in the benefit district shall have their day in court on the question of the amount of the allowance to be made for the property taken and damaged.' It is plausibly argued in support of the foregoing that, as the property owners of the benefit district and the city must pay the damages awarded for property taken, they should have their day in court as to the amount of damages for which their property shall become charged. In the exercise of the right of eminent domain in the taking of private property, as in the case in hand, the necessary parties are the city as the plaintiff, on the one side, and the property owner as the defendant, on the other. And while it would be entirely proper as a matter of grace to permit the owner of property in the proposed benefit district to aid the city in preventing an unduly high valuation of the property condemned, yet such owner would have no standing in court as a necessary party. St. Louis v. Ranken, 96 Mo. 497, 9 S. W. 910; St. Louis v. Brinckwirth, 204 Mo. 280, 102 S. W. 1091; St. Louis v. Calhoun, 222 Mo. 44, 120 S. W. 1152; Pleadwell et al. v. Glass Co., 151 Mo. App. 51, 131 S. W. 941; Kansas City v. Smart, 128 Mo. 272, 30 S. W. 773; 1 Page & Jones on Taxation by Assessment, 213; Goodrich v. Detroit, 184 U. S. 432, 22 S. Ct. 397, 46 L. Ed. 627."

Appellants also contend that the proceedings are invalid, because, in awarding damages for property taken, the commissioners did not at the same time assess the damages, if any, to the portion not taken, or the benefits thereto, if any. Even if deemed a valid objection, which we do not intimate, appellants are in no position to urge the same, as no part of their property was taken, and they were not proper parties to the condemnation proceedings involving property of others.

In their fourth and fifth propositions, appellants contend that the commissioners acted arbitrarily in the distribution of the costs of the project and in making the assessment. The record discloses that the commissioners accorded appellants a full hearing, evidence was introduced thereat, the proceedings were orderly, and we fail to find any evidence of arbitrariness on the part of the commissioners.

Appellants also present the question, raised for the first time in their motion for a new trial, that the court erred in defining the term "special benefits." After a careful comparison, we fail to perceive any material difference between the definition of the term used by the court in its charge and the definition appellants insist should have been given, but, be that as it may, under a plain provision of the statute (article 2185, R. S. 1925), the failure of appellants to object to the charge before it was read to the jury waived the objection.

Appellee urges "independent counter propositions" (in legal effect, cross-assignments of error), contending that, as the assessment of $13,584.35 against appellants' abutting property was not fraudulent, or made in bad faith, the court erred in not instructing a verdict against appellants for the full amount of the original assessment; therefore we are urged to reform the judgment by increasing its amount from $9,500 (the amount found by the jury) to $13,584.35 (the amount of the assessment levied by the city authorities), and, as reformed, that same be affirmed. The essence of this contention is that the proceedings leading up to and including the enactment of the assessing ordinance should be considered prima facie correct and valid, and that the burden is upon appellants to allege and show that the assessment was the result either of bad faith or arbitrariness on the part of the city commissioners.

Appellee cites authorities from other jurisdictions that seemingly sustain this contention. These decisions may or may not be correct, under peculiar laws influencing the decisions, but such is not the rule in this state. We held on first appeal that the filing of the statutory suit by appellants "effectually suspended the assessing ordinance as to appellants and forbade further action thereunder until the issues involved in the suit are settled." 33 S.W.(2d) 223, 224. Among other issues were whether appellants' abutting property was enhanced in value from the improvement, and, if so, the amount of the enhancement. These being justiciable issues, the Legislature, by statute (article 1219), very properly referred them to the court, the only tribunal authorized by the Constitution to give finality to such decisions.

Chief Justice Cureton, denying the application for writ of error on first appeal, used the following pertinent language (120 Tex. 190, 36 S.W.(2d) 973, 976, 77 A. L. R. 709): "Under our statute, by the filing of the suit, full and complete jurisdiction was conferred upon the court to set aside or correct all the proceedings previously had by the city. Page and Jones on Taxation, vol. 2, § 1361. The necessary legal effect, therefore, of filing the suit was to suspend the proceedings previously had by the city, and require a trial by the district court of the issues between the parties. Page and Jones on Taxation, vol.

2, §§ 1351, 1360; 44 Corpus Juris, p. 728, § 3233, and cases in notes; Dillon on Municipal Corporations (5th Ed.) vol. 4, § 1593, p. 2797; Black v. Thomson, 107 Ind. 162, 7 N. E. 184; Hardy v. McKinney, 107 Ind. 364, 8 N. E. 232; Manor v. Board, 137 Ind. 367, 34 N. E. 959, 36 N. E. 1101. Since the institution of the suit invoked the jurisdiction of the district court and suspended that of the city, it follows that the city authorities had no lawful power to make effective the suspended orders by issuing and assigning the assessment certificate during the period of suspension. By the filing of the writ [suit], jurisdiction to hear and determine the questions in issue, including the right of the city to issue and assign the certificate of assessment, was conferred exclusively upon the court, and to permit the city, during the pendency of the suit, to issue and assign the certificate, would be to deprive the district court of its jurisdiction and nullify the statutory right to have the court determine the rights of the parties. Authorities supra; City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405, 407; City Bond Co. v. Bruner, 34 Ind. App. 659, 73 N. E. 711, 712." Also see City of Dallas v. Johnson (Tex. Civ. App.) 54 S.W.(2d) 1024, 1029.

We therefore overrule the cross-assignments of appellee, and, finding no error in the judgment of the trial court, the same is in all things affirmed.

Affirmed.