# Richmond.

## CITY OF RICHMOND V. CRENSHAW ET ALS.

### November 16, 1882.

1. CONSTRUCTION OF STATUTES —Acts 1875-6, p. 287, entitled "An act to amend and re-enact section 75 of the charter of the city of Richmond," and providing a remedy for the correction of excessive assessments by motion in the hustings court, between the 1st October, 1876, and the 1st January, 1877, and during the same periods in every second year thereafter, applies to assessments theretofore made, embracing of course the year 1876, and also erroneous assessments made for any year previous to 1876. It applies to assessments made, and not to assessments to be made. When, on proper proceedings, which are prescribed by the statute, the erroneous assessment shall have been corrected by the hustings court, the taxes due to the city of Richmond shall be based on the assessment as corrected. This is on the principle enjoined by the constitution of the Commonwealth and the charter of the city, that all taxes shall be *ad valorem* and uniform.

2. TAXATION—*Remedy against illegal.*—By a long course of decisions it has been settled that the remedy against the attempt to coerce the payment of an illegal tax is by injunction.

Appeal of the city of Richmond from the decree of the chancery court of the city of Richmond entered 7th May, 1878, in the cause then therein pending, wherein A. A. Crenshaw, widow and administratrix of Lewis D. Crenshaw, deceased, A. W. Crenshaw, Lewis D. Crenshaw, Jr., Ann E. Grant, Julia Grant, Walter E. Grant, Mary J. Gwatkin, and I. H. Carrington, O. H. Palmer, and B. R. McAlpine, trustees, &c., and others, who sue for themselves and all other citizens of Richmond similarly aggrieved, who, &c., are plaintiffs, and the city of Richmond is defendant. Under act of the general assembly, approved 29th March, 1876,

(see Acts 1875-6, p. 287), the plaintiffs, who are owners of real estate in said city, in December, 1876, moved the hustings court thereof to correct the erroneous assessments upon their several properties made by the city; and the hustings court did then correct the same respectively. The plaintiffs, thereupon pursuing the said statute in all its requirements, severally tendered unto the city collector the amounts of their respective taxes for the year 1876, based on the corrected assessments. These the collector refused to receive, but demanded the taxes based upon the original incorrect assessments; and to make a test case, and to avoid a multiplicity of suits, levied, for the tax assessed, on the estate of Lewis D. Crenshaw, deceased, upon personal property belonging to his estate in the hands of the said administratrix. A writ of injunction was then obtained by the plaintiffs from the Honorable Edward H. Fitzhugh, judge of the said chancery court, enjoining the city of Richmond, and all others, from selling said personal property for the purpose of enforcing the payment of the taxes set forth in the bill and proceedings, until further orders. The defendant below appeared and demurred to and answered the bill. On the hearing, the chancery court overruled the demurrer, and decreed that the taxes due from the plaintiffs respectively to the city of Richmond for the year 1876 shall be based upon the assessments of their lands as corrected by the orders of the hustings court exhibited with the bill, and perpetuated the injunction.

From this decree the defendant appealed.

*A. M. Keiley,* for the appellant.

*John O. Steger, Ro. Stiles,* and *Kean & Davis,* for the appellees.

ANDERSON, J., delivered the opinion of the court.

Motions were severally made between the 1st of October, 1876, and the 1st of January, 1877, in the hustings court of the city of Richmond, by Ann A. Crenshaw, widow, and Ann W. Crenshaw and others, heirs of Lewis D. Crenshaw, deceased, against the city of Richmond; Ann E. Grant against same, Ann E. Grant and James H. Grant against same, Julia Grant against same, Walter E. Grant, a minor, by Ann E. Grant, his guardian and next friend, against same; Percival Grant, a minor, by Ann E. Grant his guardian and next friend, against same; Mrs. Mary J. Gwatkin against same, and R. A. Lancaster and others, trustees, against same.   These motions were made under the act of assembly of March 29, 1876, to obtain a correction and reduction of the assessment of the real estate of the plaintiffs in the city in each case, for the year 1876, which they respectively alleged was excessive, and by which they felt aggrieved.   An order was made in each case by the hustings court, reducing the assessment and declaring what it should be.

The act by authority of which these proceedings were taken in the hustings court, provides that "any person who feels aggrieved by the assessment of his real estate, may, after the 1st day of October, 1876, and before the 1st day of January, 1877, and between the 1st day of October, and the 1st day of January in every second year thereafter, move the hustings court of the city of Richmond to correct such assessment; of which motion five days' notice shall be given to each assessor who made the assessment, and to the city attorney.   *   *   *   If the court, upon such hearing, shall reduce the assessment, it shall give judgment for the costs of the proceeding, as in its judgment may be equitable.   If the court shall refuse to reduce the assessment or increase the same, judgment for costs shall be rendered against the petitioner.   And in case the assess-

ment be altered, the petitioner shall furnish a copy of the order to the proper city officer, which shall be taxed in the cost of the proceeding."

A copy of each order was served on the commissioner of revenue for the city of Richmond, who corrected the assessments in accordance with the same. And certified copies of the corrected assessments were served upon the collector for the city, and tender made to him of the amount of taxes due from each of said parties to the city, upon the assessments of their real estate as corrected; but he refused the tender upon the ground that the corrected assessments did not affect the taxes for the year 1876. He demanded that the taxes based upon the original assessments, which had been set aside by the hustings court, should be paid, and upon the refusal of the said parties, or a part of them, to pay them, to make a test case, and save a multiplicity of suits. The bill avers, the collector levied upon the personal estate of Lewis D. Crenshaw, deceased, in the hands of the appellant, A. A. Crenshaw, the administratrix, and one of the appellees, who, with the other parties hereinbefore named, for themselves and of all other citizens of Richmond similarly aggrieved, who will come in and contribute to the costs of the suit, filed their bill in the chancery court of the city of Richmond, to have said act of 29th of March, 1876, construed, and to enjoin the sale of the property levied on as aforesaid. The defendant demurred to the bill, and answered the same. And the cause coming on to be heard by consent on the bill, the exhibits filed therewith, the demurrer and answer of the defendant and replication of the plaintiffs, the court overruled the demurrer, and decreed that the taxes due from the plaintiffs respectively to the city of Richmond for the year 1876 shall be based on the assessments of their lands as corrected by the orders of the hustings court of said city, copies of which were filed as exhibits with the bill; and that the defendant, the city of Richmond, be per-

petually enjoined and restrained from proceeding to collect of the plaintiffs, or either of them, for the year 1876 any tax other than that which is based upon the assessments as corrected by the orders of the hustings court aforesaid. From this decree an appeal was allowed the city of Richmond by one of the judges of this court.

This court is of opinion that upon authority of the cases cited by appellee's counsel—*Bull* v. *Read,* 13 Gratt. 78; *Eyre* v. *Jacob,* 14 Gratt. 422; *Miller, &c.* v. *City of Lynchburg,* 20 Gratt. 330; *Johnson* v. *Drummond, Id.* 419; *Lewellen* v. *Lockharts,* 21 Gratt. 570; *City of Richmond* v. *Richmond & Danville R. R. Co., Id.* 604; and *Pelton* v. *National Banks,* 101 U. S. Rep. 143; and *Cummings* v. *National Bank, Id.* 153—the defendants' demurrer was properly overruled.

The act of 29th of March, 1876, provided a mode for the correction of excessive assessments, by motion in the hustings court, between the 1st of October, 1876, and the 1st of January, 1877, which had been made prior thereto. The remedy is not restricted to assessments made for the year 1876, but it seems would be applicable to erroneous assessments made for years previous to 1876. But the remedy, by motion, between the 1st of October, 1876, and the 1st of January, 1877, was only for the correction of erroneous assessments which had previously been made. It was not authorized to correct future assessments. It was to correct assessments for which the party felt himself aggrieved. He could not feel himself aggreived by an assessment which had not been made. Besides, provision is made for the redress and correction of a future assessment if it should be felt to be grievous, by motion in the hustings court to correct the same, every second year thereafter, between the 1st day of October and the 1st day of January. The motion in these cases, we are clearly of opinion, were made to correct the assessments made for the year 1876, and were so understood by the hustings court, which corrected those assessments.

It is true that the said act of assembly does not expressly authorize the hustings court to alter the amount of tax which is laid upon the property. But the constitution of the State and the charter of the city require that taxes upon real estate shall be *ad valorem* and uniform. And the taxes in question, as well as all other taxes on real estate in the city, were laid at a certain per centum on the assessed value thereof. When, then, it was authoratively decided that the assessment made upon any particular property was excessive, and set aside, the tax which was laid upon it, upon the basis of the erroneous assessment, must necessarily fall with it, and cannot be lawfully enforced. And the owner of the property can only be held liable for a tax which is based upon the corrected assessment. The orders of the hustings court in these cases not only set aside and invalidate the assessments complained of, but they also determine what is the correct assessment, and what it shall be. The city has no authority to levy a tax upon the assessment which has been invalidated. Nor can the owners of the property be lawfully held liable for it. The city is only authorized to levy a tax based upon the corrected and lawful assessment. That may be easily ascertained. It only requires a simple calculation, which may be made by a ministerial officer. It is incumbent on the city to conform the tax to the corrected assessment. The owner of the property is not liable to pay more. He is not liable for the tax based upon the erroneous and invalidated assessment. And if the city undertakes to coerce and enforce its payment, as it did in these cases—through its officers—we have seen the remedy of the property holders, by a long course of decisions in such cases, is by injunction. The court is of opinion that there is no error in the decree of the chancery court, and that the same be affirmed.

Decree affirmed.