**MILLHOLLON v. STANTON INDEPENDENT SCHOOL DIST. et al.   (No. 1113.)**

(Court of Civil Appeals of Texas. El Paso. May 13, 1920. Rehearing Denied May 20, 1920.)

1. **Schools and school districts ⚫103(2)— Trustees of school district held to have right to call election for levy of maintenance tax.**

Loc. & Sp. Laws 35th Leg. (1917) c. 128, creating Stanton independent school district without specially providing for the ordering of an election to determine whether there shall be levied a maintenance tax under Const. art. 7, § 3, and Vernon's Sayles' Ann. Civ. St. 1914, arts. 2857, 2877, *held* to confer upon trustees the right to call such an election, under section 19 of the act of 1917, making it trustee's duty to levy and collect maintenance tax, and section 23, conferring upon trustees the rights, powers, privileges, and duties imposed upon boards of trustees of independent school districts by the general laws of the state.

2. **Statutes ⚫225—Construed with reference to general law at enactment and related statutes.**

Statutes are construed with reference to the general law in existence at time of enactment and in connection with other similar statutes relating to same subject-matter.

3. **Schools and school districts ⚫103(1)— Levy of maintenance tax held discriminatory as to newly added portion of district.**

The levy of a 50-cent maintenance tax on $100 valuation of property of newly added por-

tion of school district as against the levy of a 35-cent maintenance tax on property in old district *held* discriminatory against newly added portion, though an additional 15-cent tax was levied on property in old district for sinking fund to retire bonds of old district.

**4. Taxation ⚭40(1)—Must be uniform.**

Taxation must be uniform, as well as equal, to meet the constitutional maxim.

Appeal from District Court, Martin County; Chas. Gibbs, Judge.

Injunction suit by J. E. Millhollon against the Stanton Independent School District and others. From the decree plaintiff appeals, and defendants present a cross-assignment. Affirmed.

S. W. Pratt, of Cisco, Royall G. Smith, of El Paso, and Thos. R. Smith, of Colorado, for appellant.

Morrison & Morrison, of Big Springs, for appellees.

WALTHALL, J. This appeal is prosecuted from a final order and decree of the district court dissolving, in part, a temporary injunction theretofore granted, restraining the appellee, Stanton Independent School District, from seizing and selling certain personal property of appellant, Millhollon, to collect a 50-cent maintenance tax levied by the Stanton independent school district for the years 1918 and 1919, said temporary injunction being modified by the final decree so as to restrain the collection of 15 cents of the 50-cent tax assessment and levy, and thereby permitting and authorizing the sale of said property as to 35 cents of the 50-cent tax.

The facts are uncontroverted, and are substantially as follows: Millhollon is a resident of Martin county, and on the 1st day of January, 1918, was the owner of the real estate described in his petition. The said real estate is situated within the area of territory incorporated into the present or new Stanton independent school district by a special act of the Thirty-Fifth Legislature, the act appearing in chapter 128, page 510, of Local Special Laws of that session. The land described, however, is not within the boundaries of the original area of the Stanton independent school district. The boundaries of the original school district embraced a town or village incorporated for school purposes only, under the general laws of the state.

On July 25, 1918, by order of the board of trustees of the Stanton independent school district, an election was held in the school district on a proper petition requesting such election, to determine whether or not a tax of not to exceed 50 cents on the $100 valuation should be levied on property within said district for the support and maintenance of public schools therein. The election resulted in favor of the tax levy, and was so duly declared by the board of trustees on August 2, 1918. Appellant's said real estate was assessed for taxes for the year 1918, and the 50-cent tax duly levied thereon. On November 23, 1918, the board of trustees of the school district made and entered the following order:

"It is the unanimous vote of the board that we levy a fifty-cent tax on the one hundred dollar valuation of all property in the new Stanton independent school district; that a fifteen-cent tax on the one hundred dollar valuation on what is known as the old district be levied and collected and placed in the sinking fund; the remainder, or thirty-five cents on the one hundred dollars valuation on what is known as the old district as a maintenance tax. The tax of fifty cents on the one hundred dollars valuation on the newly added territory as a maintenance tax."

There has been regularly duly levied against appellant's said property by the school board taxes amounting to $101.22, which had not been paid on February 1, 1919, and on which a penalty of $10.12, and interest thereon at 6 per cent. has accrued. The school district assessor and collector for the school district was about to seize and sell personal property belonging to appellant to satisfy said tax levy, and would have done so if not restrained. Others than appellant, owners of property in the school district, are similarly situated, and similar efforts are being made to collect the school tax levies as to them. Similar assessments for tax levies were made by the school board for the year 1919.

Prior to the creation of the present school district by the special act, as above, the Old Stanton independent school district had lawfully and properly issued and sold its certain bonds, which are now outstanding. By an election duly held the board of trustees had been duly authorized to levy and collect an annual tax sufficient to pay the interest on and create a sinking fund for the ultimate retirement of the outstanding school district bonds.

On petition and application of appellant the court granted a temporary order, restraining the collection of the 50-cent assessment on the property in the new territory of the school district. On a final hearing the court modified the temporary order, thereby restraining the collection of 15-cent tax levy and sustaining and permitting the collection of 35 cents of the 50-cent levy. From this final order of the court appellant prosecutes this appeal. Appellee presents a cross-assignment based on the decree restraining the collection of the 15-cent tax.

**Opinion.**

Appellant presents three assignments grouped and discussed together.

The first error assigned is to the court's

holding that the school district as created by the special act of the Legislature became vested with all the powers and duties conferred upon boards of trustees of independent school districts, including the power to order an election to determine whether or not the maintenance tax of 50 cents should be levied and collected.

By the second and third assignments appellant, in effect, insists that the collection of the entire maintenance tax should be restrained for the reason that the Special Act creating the school district did not confer upon the board of trustees the right or power to order an election to determine whether or not a maintenance tax in any sum can be assessed and collected, and for that reason the act is violative of article 7, § 3, of the state Constitution..

It is apparent that the case presented here turns upon the construction to be placed upon section 23, of the Special Act creating the Stanton independent school district. Article 7, § 3, of the state Constitution authorizes the Legislature to provide for an ad valorem tax to be levied and collected within school districts for the maintenance of public free schools, provided that the qualified property taxpaying voters of the district voting at an election to be held for that purpose shall vote such tax, not to exceed in any one year 50 cents on the $100 valuation of the property subject to taxation in such district. Under the general laws a maintenance tax in independent school districts, conforming to the above constitutional provision, can be levied and collected only after an election is held and carried, authorizing a levying of the taxes for that purpose. Articles 2857, 2877, V. S.

The Special Act of the Legislature creating the Stanton independent school district does not specially provide for the ordering of an election to determine whether there shall be levied a maintenance tax of not to exceed 50 cents on the $100 valuation of property in the district. Section 19 of that act reads in part:

"The board of trustees of said Stanton independent school district, as heretofore provided for, shall have the power and it shall be their duty, to levy and collect an annual ad valorem tax not to exceed fifty cents on the one hundred dollars valuation of taxable property within said district for the maintenance of the public free schools therein, and a tax sufficient to pay interest on, and create sinking fund to pay at maturity the bonds heretofore issued by what is known as Stanton independent school district organized under general laws of this state and which is a part of the district provided by this act; provided further, that the tax to pay interest on, and create a sinking fund to meet bonds at maturity shall only be levied and collected on the property located within the bounds of the district originally formed; and provided further that said tax in said original district shall not exceed fifty cents on the one hundred dollars valuation of taxable property."

The rest of the section has no application to the issues here presented.

Section 23 of the Special Act referred to provides:

"As to all matters not provided for in this act, the board of trustees of the independent school district created hereunder shall have and exercise and are hereby vested and charged with all the rights, powers, privileges and duties conferred and imposed by the general laws of this state, now in force or hereafter to be enacted, upon the boards of trustees of independent school districts organized under the general laws of this state."

From the plain provisions of the Constitution above referred to, and the general laws enacted conforming thereto, it is quite clear that, unless the twenty-third section of the Special Act, creating the Stanton independent school district, confers upon the trustees of that school district the right, power, and duty to call an election and submit to the qualified voters in that school district for their determination the question of the tax levy involved in this controversy, the trustees would have no right or power to make the tax levy complained of, and the trial court should have enjoined the levy made.

[1, 2] This brings us to the only real question presented in the record, namely, Does section 23 of the act confer the right and power upon the trustees of that school district to call such election, submit the issues of the tax levy to the voters of the district, and on an affirmative vote levy the tax complained of? We have concluded that the section must be so construed. The act, by the nineteenth section quoted, clearly provides for and makes it the duty of the trustees to levy and collect the tax for the maintenance of the public free schools in that district, but does not in detail provide for the submission of the issue of the tax levy to a vote of the qualified voters in the district, but by the twenty-third section confers upon the trustees of the district the rights, powers, privileges, and duties conferred and imposed upon boards or trustees of independent school districts by the general laws of the state, and are charged with the exercise of such powers and duties. It is not uncommon in legislation for one article of a statute to refer to another, and by such reference incorporate in the article such rights, powers, and privileges as are conferred in the article to which reference is made. To illustrate, by article 5004a, Vernon's Sayles, the right of eminent domain is conferred on the parties named, the right to be exercised as in cases of railroads, without giving in detail the matters and things to be done in the exercise of that right. The power to exercise the right thus given has often been sustained by the Supreme and other courts of this state. Borden v. Trespalacios R. & I. Co., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640. In that case the attack was made upon the condemnation

proceedings based upon the alleged absence of any sufficient authority to condemn. The court held the article granted to the corporation the right of condemnation, although grants of the power of eminent domain are strictly construed. Reitzer v. Medina V. Ir. Co., 153 S. W. 380. Under article 2853, V. S., the powers of the board of trustees are vested with the full management and control of the free schools of towns and villages, and by the article vested with all the powers, rights and duties in regard to the establishment and maintenance of free schools, including the powers and manner of taxation for free school purposes "that are conferred by the laws of this state upon the council or board of aldermen of incorporated cities and towns." While some confusion has grown out of the application of such references, the powers thus conferred, so far as applicable, have been sustained; that is, statutes are construed with reference to the general law in existence at the time of the enactment, and in connection with other similar statutes relating to the same subject-matter.

Now, the Legislature evidently had in mind, in enacting section 23 of the Special Act in question, that the Constitution and the general laws provide that the tax levied for school maintenance could be levied only after an election had been held wherein a majority of the taxpaying voters at such election shall have voted in favor of the levying of the tax, and, with the legislative intention that such election should be held and a favorable result for the levy thus secured, vested the power upon the trustees to call such election and have the issue of the levy so determined. The trustees so construed section 23; duly called the election; the election held conformed to the general laws referred to in the section, the result declared and the tax levied.

The remaining question is presented on the two cross-assignments, and goes to the judgment of the court in restraining the collection of 15 cents of the 50-cent tax.

[3, 4] The confusion seems to grow out of the order of the board of trustees in apportioning the maintenance tax voted. The order levied the full 50 cents maintenance tax as voted against all property in the district situated outside the boundaries of the old district, and levied a tax of 35 cents of the 50-cent maintenance tax as voted on the property in the district situated within the boundaries of the old district, but ordered, levied, and collected fifteen cents of the 50-cent tax, voted as a maintenance tax, placed in the sinking fund to meet the old district obligations on the bonds. The court enjoined the levy and collection of 15 cents of the tax levied on the property in the newly added territory. We think the court was not in error in enjoining the collection of the 15 cents of the maintenance tax levied on the

newly added property in the district. As held by the court, such levy was discriminatory against the newly added territory. While it is true, as claimed by appellee, the 35-cent tax and the 15-cent tax would not exceed the amount voted, taxes must be uniform as well as equal to meet the constitutional maxim. We think this view is sustained by the Dallas court in Love v. Rockwall Independent School District, 194 S. W. 659.

The case is affirmed.

<hr>

⚮⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes