CITY OF DALLAS v. MRS. DELLA WRIGHT ET VIR.

Application No. 17905. Decided March 18, 1931.
(36 S. W., 2d Series, 973.)

*James J. Collins,* City Attorney, *A. A. Long, W. Hughes Knight, A. J. Thuss,* and *H. P. Kucera,* Assts., for plaintiff in error.

*John W. Pope,* for defendants in error.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on application for writ of error by the City of Dallas. The defendants in error owned certain property against whom the plaintiff in error caused to be levied· a special assessment for benefits accruing from certain improvements. The report of the commissioners appointed to determine the question of benefits was approved by the city authorities and an ordinance enacted assessing defendants in error and their property in the amount of $13,584.35. The ordinance also authorized the issuance of an assignable interest bearing tax certificate, payable in installments, declaring the personal liability of the defendants in error, and fixing a lien on the property for the payment of the benefit taxes so assessed. Within ten days thereafter the defendants in error filed a suit under R. S., art. 1219, asking that the proceedings be set aside for the errors alleged and for invalidity in the proceedings, claiming among other things that their property received no benefits from the improvements, and alleging certain other infirmities not apparent upon the record of the tax levy. They also alleged that the city was endeavoring to sell and assign the tax certificate, and in effect that the whole proceeding and the

sale of the certificate was or would constitute a cloud upon the title to their real estate. Pending the determination of the issues in the case, the defendants in error sought the issuance of a temporary writ of injunction enjoining the city from selling or assigning the certificate during the pendency of the suit. The trial court set the application for temporary injunction down for hearing after having issued a restraining order. The city answered, alleging, among other things, that it had the legal right to assign the certificate pending the suit, that the defendants in error could not be prejudiced by such assignment of the certificate, as they had an adequate legal remedy in that they could avail themselves of any defense to an action by an assignee that could be urged if sued by the city, and hence that the temporary injunction should not issue. On the hearing the court dissolved the restraining order and denied the prayer for the issuance of the temporary writ of injunction. From this action an appeal was prosecuted to the Court of Civil Appeals. That court held the trial court should have granted the temporary injunction, and remanded the cause to the trial court with instructions to cause the necessary temporary writ of injunction to issue, upon the execution of a proper bond. Application for writ of error has been made to this court primarily upon the proposition that R. S., art. 1219 provides a complete adequate remedy at law, and that the defendants in error have no right to invoke the equitable powers of the court and to enjoin the plaintiff in error from selling or disposing of the assignable certificate. We have concluded that the Court of Civil Appeals correctly disposed of the case, and will now state our reasons for this conclusion.

It is quite true that where the statute provides an adequate and complete legal remedy in cases of this character, the statutory remedy is exclusive and must be followed, and the powers of a court of equity acting without and independent of the statute cannot be invoked. In other words, had the defendants in error not brought suit to set aside the action of the city as provided in the statute, then equity, independent of the statute, and as a method of reviewing the action of the city resulting in the assessment, at least as far as mere errors or irregularities are concerned, could not be invoked as a remedy. We recognize and adhere to that rule. Cooley on Taxation (4th Ed.), vol. 4, secs. 1646, 1648; Pomeroy's Equity Jurisprudence (2d Ed.), vol. 5, sec. 2060; High on Injunctions (4th Ed.), sec. 493; Kyle v. Richardson, 31 Texas Civ. App., 101, 71 S. W., 399 (writ refused); Turner v. Patterson, 54 Texas Civ. App., 581, 118 S. W., 565; Williams v. Watt (Texas Civ. App.), 171 S. W., 266; Race v. Decker (Texas Civ. App.), 214 S. W., 709; City of Corsicana v. Mills (Texas Civ. App.), 235 S. W., 220; 44 Corpus Juris, p. 752, sec. 3301; Campbell v. City of Olney, 262 U. S., 352, 43 S. Ct., 559, 67 L. Ed., 1021; 25 Ruling Case Law, p. 190, sec. 102, p. 192, sec. 105; Page and Jones on Taxation by Assessment, vol. 2, secs. 1414,

1413. The rule to which we refer and to which we adhere is stated in Corpus Juris, cited above, as follows:

"In accordance with elementary principles it is a rule of almost universal application that a bill will not lie to vacate an assessment or to enjoin the collection thereof where an adequate remedy is provided by statute for redressing the grievances which form the basis for asking equitable relief, it being the duty of those objecting to the assessment to apply for the relief which the law has provided; and failure to avail themselves of the statutory remedy affords no ground for an application to a court of equity to relieve them from the consequences of their neglect. * * * Nevertheless, if the statutory remedy is inadequate to give the relief to which complainant is entitled, a bill to vacate or enjoin the assessment will lie."

However, as shown by the text quoted, the rule does not preclude the issuance of a temporary injunction in this case, since equitable relief, once suit is instituted within the statutory time, may be granted where the legal remedy is not adequate. This interpretation of the rule is one clearly consistent with our statutory and constitutional provisions.

R. S., art. 1219, under which this suit was brought, provides:

"Any property owner against whom or whose property an assessment or reassessment has been made, may, within ten days thereafter bring suit to set aside or correct the same, or any proceeding with reference thereto on account of any error or invalidity therein, but thereafter such owner, his heirs, assigns, or successors shall be barred from such action or any defense of invalidity in such proceedings or assessment or reassessment, in any action in which the same may be brought into question."

This article in no sense attempts to limit the jurisdiction of the district court to issue any appropriate writ or grant any necessary relief, once the powers of the court have been properly invoked, as in this case.

The Constitution, art. 5, sec. 8, confers upon district courts authority to issue writs of injunction, and all writs necessary to enforce their jurisdiction. R. S., art. 4642, provides for granting injunctions:

"1. Where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restrain of some act prejudicial to him.

"2. Where a party does some act respecting the subject of pending litigation or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant when said act would tend to render judgment ineffectual.

"3. Where the applicant shows himself entitled thereto under the principles of equity, and the provisions of the statutes of this State relating to the granting of injunctions.

"4. Where a cloud would be put on the title of real estate being sold under an execution against a party having no interest in such real

estate subject to the execution at the time of the sale, or irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law."

Under these provisions districts courts can issue writs of injunction in all cases in which a court of chancery would have power to issue them under established rules of equity. Anderson Co. v. Kennedy, 58 Texas, 616; Alexander v. Holt, 59 Texas, 205; Day Co. v. Chambers, 62 Texas, 190; Stein v. Frieberg, 64 Texas, 271.

It is elementary that the statute (article 1219) prescribing a statutory method of reviewing assessments of the character before us should be construed and interpreted *in pari materia* with the Constitution and the statutes conferring jurisdiction on the courts in which such suits for review must be filed. Ex parte Lipscomb, 111 Texas, 409, 239 S. W., 1101; Hunter v. Whiteaker (Texas Civ. App.), 230 S. W., 1096; Millhollon v. Stanton Ind. School Dist. (Texas Civ. App.), 221 S. W., 1109; Hanrick v. Hanrick, 54 Texas, 101, 109; Cannon, Admr. v. Vaughan, 12 Texas, 300. So, construing and interpreting the statutes before us, we are of the opinion that in a case where an action is brought under the terms of article 1219, and the power of the district court thereby invoked, then the full power of the court, including its equity powers under the general principles of equity, may be resorted to to administer justice between the parties. In fact, once an action is authorized within the jurisdiction of the district court, that court, under its constitutional power to issue injunctions and grant equitable relief generally, can grant such relief when necessary under the general principles of equity jurisprudence, without reference to statutory authority. That power is derived from the Constitution. Anderson Co. v. Kennedy, 58 Texas, 616, and other authorities supra.

The statute under review provides an exclusive remedy under ordinary conditions to the extent that the statutory remedy of suit within the ten day period must be followed, but when once the suit is filed within time, all the powers which the district court may properly exercise under established principles of law and equity may be invoked. This construction is clearly consistent with the language of article 1219 itself, under which this action was brought. It will be noted from this article that suit is authorized not alone for the purpose of determining the legality of the taxation proceedings, and the resulting levy and certificate; but "to set aside or correct the same, or any part thereof, or any proceeding with reference thereto, on account of any error or invalidity thereof." Since the statute in unmistakable terms authorizes the district court *"to set aside and correct"* the previous proceedings, the general equitable powers of the court to cancel, annul and correct are provided for by the statute itself. Pomeroy's Equity of Jurisprudence (2d Ed.), vol. 1, sec. 112; Cooley on Taxation (4th Ed.), vol. 4, sec. 1639. From the fore-

going it follows that such court may not only set aside and correct any proceeding on account of error or invalidity, but that the court may, when an application of the general principles of equity warrant it, issue writs of injunction and other writs necessary to a correct determination of the justiciable issues which may arise in cases of this character. It is elementary, of course, that some equitable ground for the issuance of an injunction must exist before the writ will issue. Equity can not be invoked to grant relief by injunction in tax cases where the remedy at law is adequate, but the remedy must be adequate and complete. Cooley on Taxation (4th Ed.), vol. 4, secs. 1646, 1647. The powers of a court of equity may also be invoked to remove cloud, or by injunction to prevent some act which would cloud title to real estate.

Injunctions in such suits will also issue to prevent a multiplicity of suits, or to prevent irreparable injury. 44 Corpus Juris, p. 750, secs. 3294, 3295, 3296; authorities *post*. It is likewise elementary that a court, once having obtained jurisdiction of a cause of action as incidental to its general jurisdiction, may exercise any power, or grant any writ, including the writ of injunction, necessary to administer justice between the parties, preserve the subject matter of the litigation, and make its judgment effective. 15 Corpus Juris, p. 810, sec. 108.

In the light of the principles thus generally stated, we will examine the record in this case for the purpose of determining whether or not the temporary injunction was correctly ordered by the Court of Civil Appeals.

When the instant suit was filed, the city, according to the petition, was about to issue and dispose of the tax bill or certificate to some third party, or parties. It will be noted that the ordinance which made the assessment and directed the issuance of the certificate declared, in accordance with the statute (R. S., art. 1210), that the assessment should be a lien on the property of defendants in error. It is obvious that at this time the city was the only party interested in the validity of the assessment, the lien, and the certificate, and the only party necessary to a determination of the issues involved. The subject matter of the suit, therefore, was the validity of the assessment and lien as between the city and the defendants in error. Under our statute, by the filing of the suit, full and complete jurisdiction was conferred upon the court to set aside or correct all the proceedings previously had by the city. Page and Jones on Taxation, vol. 2, sec. 1361. The necessary legal effect, therefore, of filing the suit was to suspend the proceedings previously had by the city, and require a trial by the district court of the issues between the parties. Page and Jones on Taxation, vol. 2, secs. 1351, 1360; 44 Corpus Juris, p. 728, sec. 3233, and cases in notes; Dillon on Municipal Corporations (5th Ed.), vol. 4, sec. 1593, p. 2797; Black v. Thomson, 107 Ind., 162, 7 N. E., 184; Hardy v. McKinney, 107 Ind., 361, 8 N. E., 232; Manor v. Board, 137 Ind., 367, 36 N. E., 1101. Since the institution of the

suit invoked the jurisdiction of the district court and suspended that of the city, it follows that the city authorities had no lawful power to make effective the suspended orders by issuing and assigning the assessment certificate during the period of suspension. By the filing of the writ, jurisdiction to hear and determine the questions in issue, *including the right of the city to issue and assign the certificate of assessment,* was conferred exclusively upon the court, and to permit the city, during the pendency of the suit, to issue and assign the certificate, would be to deprive the district court of its jurisdiction and nullify the statutory right to have the court determine the rights of the parties. Authorities supra; City of Huntsville v. Pulley, 187 Ala., 367, 65 So., 405, 407; City Bond Co. v. Bruner, 34 Ind. App., 659, 73 N. E., 711, 712.

This action was brought by the defendants in error for the cancellation of the assessment, the tax certificate and lien, and to remove cloud. Pending the determination of the issues on final trial, they prayed for a temporary injunction restraining the city authorities from offering for sale the certificate or tax bill. The grounds upon which they rely for the cancellation of the assessment and certificate are such as would not be disclosed by an examination of the assessment roll or assessment proceedings, but would require proof aliunde that record.

The Court of Civil Appeals correctly ordered the issuance of the temporary injunction upon three grounds:

First: To preserve the subject matter of the litigation. One part of the subject matter of the litigation is the assignable certificate of assessment in the hands of the city. One object of the suit was to prevent the issuance of this certificate, or, if issued, to cause it to be cancelled.

Equitable remedies generally act *in personam.* Pomeroy's Equity Jurisprudence (4th Ed.), vol. 4, sec. 1433; Banco Minero v. Ross & Masterson (Texas Civ. App.), 138 S. W., 224, 235; 7 Texas Jurisprudence, p. 972, sec. 54; Business Men's Oil Co. v. Priddy (Texas Civ. App.), 250 S. W., 156. Therefore, in order for the court to make an order of cancellation effective, it was necessary that the city should either voluntarily remain in possession of the certificate, or be enjoined from disposing of it, so that the certificate, a part of the actual subject matter of the litigation, and the holder thereof, might be and remain subject to the orders of the court. Ramirez v. Barton (Texas Civ. App.), 41 S. W., 508, 510 (writ refused); 7 Texas Jurisprudence, p. 1006, sec. 74. No principle is better settled than that a court will protect its jurisdiction by preserving the subject matter of the litigation in order to make its decrees effective. In fact, the Constitution and statute expressly declare that the district court may issue writs of injunction to protect its jurisdiction. Const., art. 5, sec. 8; R. S., art. 4642, sub. 2.

The authorities hold to the same effect. Pomeroy's Equity Jurisprudence (4th Ed.), vol. 4, sec. 1340, vol. 5, sec. 2105; 15 Corpus Juris, p.

810, sec. 108; Finlin v. Heinze, 27 Mont., 107, 69 Pac., 829; Keneweg v. Schilausky, 47 W. Va., 287, 34 S. E., 773; 7 Ruling Case Law, p. 1033; Cleveland v. Ward, 116 Texas, 1, 13, 285 S. W., 1063.

Cancellation is an equitable remedy. Pomeroy's Equitable Remedies (4th Ed.), vol. 1, sec. 112, supra; 7 Texas Jurisprudence, p. 884, sec. 2, p. 886, sec. 3.

Equitable remedies operate *in personam,* and one not a party to a suit cannot be compelled to deliver up an instrument held by him for cancellation. Authorities supra. As stated by Texas Jurisprudence, supra, sec. 74:

"A person not a party to the suit should not be compelled to deliver up for cancellation an instrument held by him, nor should a party to the suit be compelled to deliver up an instrument not in his possession and not belonging to him."

On the power of a court to issue an injunction for the purpose of preventing the transfer of an instrument, Mr. Pomeroy in section 2105 in part says:

"The equitable remedies of cancellation, rescission, surrender up, and discharge of instruments are one and the same remedy, depending upon the same rules. They are frequently accompanied by an injunction against a suit at law upon the instrument, or against the negotiation or transfer of the instrument to other persons."

In section 1340 the same author states:

"Among the instances in which equity will grant an injunction, preliminary or final, in pursuance of the general doctrine as stated in the foregoing paragraph, the following are some of the most important and they fully illustrate and establish the doctrine itself, in all its generality, and the grounds upon which it rests: *To prevent the transfer of negotiable instruments, at the suit of the defrauded maker or acceptor, or of the party claiming to be the true owner, or to have an interest in them; or the transfer, under like circumstances, of stocks or other securities not strictly negotiable;* or even the transfer of chattels, when of a special nature and value, such as diamonds, and the like articles; to prevent a payment of money in violation of a trust; to restrain a breach of trust; *to prevent a defendant from affecting or encumbering the property in litigation by contract, conveyance, mortgage, or any other act; and, in general, in all suits to enforce an equitable right against specific property,*— as to enforce an equitable estate and compel the conveyance of the legal title, to enforce a trust, or an equitable lien, to compel the specific performance of a contract, and the like,—*the court will grant an injunction to restrain a threatened transfer of the property, whether land, chattels, or securities, during the pendency of the action.*" (Italics ours.)

It is true that in this case the actual tax bill or certificate of assessment may not have been issued, but it would no doubt have been issued

but for the injunction prayed for. But, whether actually issued or not, in order to preserve the subject matter of the litigation as between the identical parties in court, a court of equity would have the right to enjoin its issuance and sale. City of Richmond v. Crenshaw, 76 Va., 936; High on Injunctions (4th Ed.), vol. 1, p. 514, sec. 538. The authority last cited states:

"So when an assessment of property for municipal taxation has been corrected in the manner and by the tribunal fixed by law for such purpose, but the municipal authorities proceed to levy the tax upon the original assessment which has been invalidated, the appropriate remedy is by injunction." (High on Injunctions, vol. 1, p. 514, sec. 538.)

If an injunction may properly issue to prevent the enforcement of a levy previously invalidated by the tribunal provided by law for such purposes, then it plainly follows that a court of equity having a similar jurisdiction will issue a preliminary injunction to prevent the doing of an act which later it might enjoin for invalidity.

Second: We think it evident that in the event the city is permitted to issue and negotiate the certificate, the title of defendants in error will be clouded and rendered unmerchantable until an action for the removal of the cloud or cancellation of the certificate has been successfully prosecuted or the tax bill paid off. Under the established rules of equity defendants in error were entitled to the temporary writ to prevent the issuance and negotiation of the certificate, pending the result of this suit, inasmuch as the alleged invalidity of the assessment proceedings does not appear on the face of the assessment record or roll. Page and Jones on Taxation by Assessment, vol. 2, secs. 1425, 1426, 1427; Cooley on Taxation (4th Ed.), vol. 4, sec. 1643; Pomeroy's Equity Jurisprudence (4th Ed.), vol. 5, sec. 2148; High on Injunctions (4th Ed.), vol. 1, p. 498, sec. 524, p. 513, sec. 538; 25 Ruling Case Law, p. 194, sec. 107; Shaffer v. Carter, 252 U. S., 37, 46; City of Houston v. Baker (Texas Civ. App.), 178 S. W., 820, 824; Verdin v. St. Louis, 131 Mo., 26, 33 S. W., 480, 491, 36 S. W., 52; Parker-Washington Co. v. Kemper Inv. Co., 143 Mo. App., 244, 128 S. W., 271, 273; Bolton v. Gilleran, 105 Cal., 244, 45 Am. St. Repts., 33, 39.

In the last case cited the controversy was over the validity of a street assessment. The Supreme Court of California, in deciding that an injunction might issue, succinctly stated the rule, which may also be found in other authorities cited by us, as follows:

"The right of the plaintiff to maintain the action is clearly established. The statute makes the assessment a lien upon her lands, and there is nothing upon the face of the assessment to show that the lien is not in all respects valid. If, by reason of matters outside of the assessment as it is recorded, this apparent lien may be shown not to be a valid encumbrance, the assessment constitutes a cloud upon her title which she is enti-

tled to have removed; and, although she can assert the same matters as a defense to any action for the enforcement of the assessment, she is not required to wait until such action may be brought, and, in the meantime, suffer the injury of having the title to her lands impaired by this apparent lien, but may herself invoke the equitable aid of the court to remove the cloud, and to enjoin the holder of the assessment from asserting any claim upon her lands by virtue thereof."

Judge Cooley, in his work on taxation, in the section cited above, in part says:

"If the tax is a lien upon lands, it may then constitute a cloud upon the title; and one branch of equity jurisdiction is the removal of apparent clouds upon the title, which may diminish the market value of the land, and threaten a possible loss of it to the owner. If an illegal tax is a cloud on the title to real property, injunction lies to restrain the assessment or collection of the tax, unless there is a plain, complete and adequate remedy at law. A cloud upon one's title is something which constitutes an apparent incumbrance upon it, or an apparent defect in it; something that shows prima facie some right of a third party, either to the whole or some interest in it. An illegal tax may or may not constitute such a cloud. If the alleged tax has no semblance of legality; if, upon the face of the proceedings, it is wholly unwarranted by law, or for any reason totally void, so that any person inspecting the record and comparing it with the law is at once apprised of the illegality, the tax, it would seem, could neither constitute an incumbrance, nor an apparent defect of title; and, therefore, in law, could constitute no cloud. * * *

"When, however, the illegality or fatal defect does not appear on the face of the record, but must be shown by evidence aliunde, so that the record would make out a prima facie right in one who should become purchaser, and the evidence to rebut this case may possibly be lost, or be unavailable from death of witnesses or other cause, or when the deed given on a sale of the lands for the tax would, by statute, be presumptive evidence of a good title in the purchaser, so that the purchaser might rely upon that for a recovery of the lands until the illegalities were shown, the courts of equity regard the case as coming within their ordinary jurisdiction, and have extended relief on the ground that a cloud on the title existed or was imminent."

In Page and Jones on Taxation, vol. 2, sec. 1426, supra, the authors say:

"Equitable relief is frequently sought against an invalid assessment in the form of an injunction to prevent the sale of the property assessed to satisfy the assessment, or in the form of a suit to set aside the assessment or the sale as a cloud upon the title of the owner. Equitable relief is ordinarily given in such cases if the assessment is a lien upon the prop-

erty, and if its existence, or the fact of a sale to satisfy such assessment, either of them constitutes a cloud upon the title."

In Pomeroy's Equity Jurisprudence, above cited, in section 2148, the author states:

'As a court of chancery may undoubtedly entertain a suit to remove an existing cloud upon title, so also it may, in a proper case, interpose its authority to prevent, by injunction, a threatened act from which such a cloud must necessarily arise."

In High on Injunctions, cited above, the author says:

"The most generally recognized exception to the rule that equity will not interfere with the collection of the revenue because of defects or illegalities in the proceedings, is in cases where the proceedings if not enjoined would result in clouding the title to real estate. Thus, where the defect is not merely a formal one but works a substantial injury to complainant's rights, resulting in a cloud upon his title, the injunction will be granted. And where the proceedings sought to be set aside are valid upon their face and extrinsic facts are necessary to be proven to show their invalidity or illegality, equity will interfere to prevent a cloud upon title." (High on Injunctions, sec. 524.)

Third: It is obvious that if the city is permitted to issue and assign the certificate of assessment to third parties, the defendants in error, in order to obtain full relief, would be compelled to make the holders thereof parties to this litigation, or else bring an independent suit, or suits, for cancellation; or, as the pleadings suggest, for other relief, in the event foreclosure proceedings should be filed by the assignees of the certificate. We think this clearly shows that the trial court should have issued the temporary injunction restraining the assignment of the certificate, for the purpose of preventing a multiplicity of suits and enabling the defendants in error to obtain complete relief in the instant case. 44 Corpus Juris, p. 751, sec. 3295; Hammer v. Garrett, 63 Texas Civ. App., 208, 132 S. W., 951, 133 S. W., 1058.

Having concluded that the Court of Civil Appeals correctly disposed of this case, we accordingly, and for the reasons given, refuse the application for writ of error.