**COX v. CITY OF DALLAS.**

No. 13030.

Court of Civil Appeals of Texas. Dallas.

May 16, 1941.

Rehearing Denied June 20, 1941.

Ernest McCormack, of Dallas, for appellant.

H. P. Kucera, City Atty., and A. J. Thuss and C. E. Long, Jr., Assts. City Atty., all of Dallas, for appellee.

LOONEY, Justice.

The City of Dallas sued Mrs. Alice C. Cox, as survivor of the community of herself and deceased husband, Dr. E. T. Cox, and as independent executrix of his will, to recover the amount due on a certificate issued under the provisions of Chapter 17 of Title 28, R.C.S., Vernon's Ann.Civ.St. art. 1201 et seq., relating to cities, towns and villages, for assessed benefits to real estate in the City of Dallas, owned by said community, and to foreclose the statutory lien on the real estate involved.

Approaching the trial proper, appellant moved the court to dismiss the cause for want of diligent prosecution; the motion being overruled, she excepted and has assigned error thereon.

The facts bearing upon this question are these: The suit was filed November 30, 1934, appellant answered December 28, 1934; the cause was set for November 12, 1935, no disposition shown at that time; on February 10, 1936, was passed and placed on the suspense docket; was set for January 19, 1937, no disposition shown, but on January 29, 1937, appellant demanded a jury; on June 19, 1937, the case was continued by agreement; was set for January 26, 1938, no disposition at that time shown; was again set for March 26, 1938, no disposition at that time shown; on March 29, 1938, was continued by agreement; was set for January 14, 1939, and on said date was passed for settlement. The law firm of Allen & Allen represented appellant prior to February 9, 1939, on which date, by leave of the court, said attorneys withdrew from the case, and later, either in February or March, 1939, Mr. Ernest McCormick was employed by the appellant and has since conducted the defense.

We fail to find any evidence justifying the conclusion that the case was ever passed for settlement at the instance of appellee, but repeatedly was passed for settlement at the instance of an attorney representing appellant. This attorney, Leon Chapman, of the firm of Allen & Allen, testified that, usually, when the case was called, an attorney for appellee would announce ready, but, it seems, refrained from pressing for trial at the request of the attorney representing appellant. The record fails to disclose any evidence justifying the conclusion that the City intended to abandon the prosecution of the suit; the delay in reaching a trial seems to have been at the instance of appellant, who could have demanded a trial, but did not; on the contrary, insisted upon delay, evidently with the view of a probable settlement.

In Roemer v. Shackelford, 23 S.W. 87, Judge Williams, speaking for the Court of Civil Appeals, used the following pertinent language: "There was no error in the refusal of the court to dismiss the suit in 1889 for want of prosecution. The plaintiffs were prosecuting it, continuances being entered from term to term, generally by agreement. If sufficient diligence was not being used, defendants' remedy was to force plaintiffs to a trial, and not to dismiss for want of prosecution when plaintiffs appeared to represent their cause." Also see Beasley v. Keck, Tex.Civ.App., 280 S.W. 855; Loftus v. Beckman, Tex. Com.App., 1 S.W.2d 268; American Indemnity Co. v. McCann, Tex.Com.App., 45 S.W.2d 174; and Merrill v. Dunn, Tex.Civ. App., 140 S.W.2d 320. We think the court below acted correctly in overruling the motion to dismiss, therefore overrule the assignment just considered.

At the trial of the case, appellee introduced in evidence all the proceedings had with reference to the condemnation and assessment of benefits, beginning with the original resolution and ending with the issuance of the certificate sued upon. The evidence introduced shows that, on June 6, 1928, the governing body of the City of Dallas adopted a resolution, ordering the acquisition, by condemnation or otherwise, of all property necessary to consummate the proposed improvements, including, among others, the widening and extension of Phelps Street from the northeast line of Cochran Street to the east line of Cedar Springs Avenue, upon which the community of Dr. Cox and his wife owned abutting property, providing that the cost of property necessary for the improvements should be assessed against the owners of abutting property, or in the vicinity, and against the property benefited.

As directed by the governing body, the city engineer performed the duties enjoined upon him by the provisions of Art. 1205, R.C.S., and made report of his doings in the premises and, it becoming necessary, the governing body of the City directed the institution of condemnation proceedings against the owners of property involved, and a commission composed of qualified freeholders and voters was appointed by the Judge of the County Court at Law of Dallas County, to assess the damages sustained by property owners. Proper notices were served upon property owners; hearings were had, damages were assessed, and report thereof duly made by the commission—all in compliance with the provisions of Art. 1206, R.C.S., Vernon's Ann. Civ.St. art. 1206, as revealed by said report.

The commissioners for condemnation having performed their duties, ascertained the cost of the proposed improvements, and having theretofore been duly appointed

by the governing body of the City, as a commission to apportion said cost among the owners of the property benefited and to be assessed, as shown by their report, caused reasonable notices of the hearing to be served personally upon the owners of all property involved, including Dr. Cox; also caused to be published three times in a newspaper of general circulation in the City of Dallas, notice of said hearing—all in full compliance with the provisions of Art. 1211, R.C.S.; and at the hearing, or hearings, had in pursuance of said notices, Dr. Cox, being present, was afforded an opportunity to be heard, after which, the commission determined the amount to be assessed against each owner and his property, according to the special benefits resulting in increased value by reason of the improvements, and fixed the amount to be assessed against Dr. Cox and the property involved herein, at the sum of $10,747; full report of which was made by the commission to the governing body of the City, which being examined and approved, the governing body, by an ordinance enacted, assessed Dr. Cox and his property benefited by said improvements, the amount as fixed by the commission, to be properly chargeable against them,—all in full compliance with Art. 1214, R.C.S. Thereafter, and in pursuance thereof, the governing body issued the certificate sued upon, as authorized by Art. 1215, R.C.S.

No suit was filed by Dr. Cox, questioning the validity or regularity of the proceedings that resulted in the issuance of the certificate, as he was privileged to do under Art. 1219, R.C.S.; but, it seems, that prior to his death which occurred on June 3, 1933, he had voluntarily paid the first and second installments of the assessment.

These facts being undisputed, as revealed by the resolutions, reports, orders and ordinance introduced, the trial court instructed a verdict for appellee and rendered judgment in its favor for $14,409.90, the amount due on the certificate, including interest, against the appellant, as independent executrix, with foreclosure of the statutory lien upon the property involved, against her individually and as independent executrix, to which she excepted, gave notice of, and perfected this appeal.

A general outline of appellant's contention is revealed by an excerpt copied from page 15 of her brief, as follows: "The trial court and the plaintiff, apparently labored under the delusion that the de-

fendant was asserting some sort of fault in the proceedings, some irregularity, or some ministerial defect or failure in fixing plaintiff's asserted lien upon the property involved. Such a conception of defendant's position in the case is entirely erroneous. Defendant took the position, by appropriate pleadings, and conducted the trial by appropriate testimony, not that there was some fault, irregularity or defect in the proceedings by which the assessment was levied and the lien fixed, but, that there never was any assessment made or levied, and never any lien created." The conclusion to be drawn from the general statement of appellant's position is that, for the reasons stated under some one or more of the propositions discussed, the entire improvement proceedings involved were and are void.

■ The argument is made that the statute governing the condemnation proceedings "differs in many material respects from that which was in force at the time of the proceedings alleged by appellee in this case." However that may be, as the condemnation feature of the proceedings is not involved, the provisions of the statute relating thereto have no application whatever to the present controversy, which involves simply an assessment of benefits and the fixing of liability resulting from the improvements had.

■ Appellant contends that the failure of appellee to produce the minutes of the commission until the motion for a new trial was being heard was fatal to the proceedings below. A sufficient answer to this contention, we think, is that, the statute does not require the keeping of minutes by the commission; simply that " * * * it shall report in writing its findings to the governing body," etc., which was complied with. Art. 1214, R.C.S.

■ The contention is also made that one of the commissioners, Mr. Staten, was ineligible to serve as a commissioner, in that, he was not a freeholder. This contention was refuted by the testimony of said commissioner, to the effect that, he was the owner of real estate in the City of Dallas, during the time of his appointment and service.

■ No suit having been filed by Dr. Cox, to set aside or correct the assessment, or any proceeding with reference thereto on account of any error or invalidity, we think that appellant, as sur-

vivor of the community and as independent executrix, by statute is precluded from urging the defenses insisted upon.

The controlling statute, Art. 1219, R.C. S., reads: "Any property owner against whom or whose property an assessment or reassessment had been made, may, within ten days thereafter bring suit to set aside or correct the same, or any proceeding with reference thereto on account of any error or invalidity therein, but thereafter such owner, his heirs, assigns, or successors shall be barred from such action or any defense of invalidity in such proceedings or assessment or reassessment, in any action in which the same may be brought into question." Also see City of Dallas v. Mrs. Della Wright, 120 Tex. 190, 36 S. W.2d 973, 77 A.L.R. 709; City of Dallas v. Firestone Tire & Rubber Co., Tex.Civ. App., 66 S.W.2d 729, writ refused; Johnson v. City of Dallas, Tex.Civ.App., 78 S.W.2d 265, writ refused; Special Assessment Securities Corp. v. Brown, Tex.Civ. App., 106 S.W.2d 340, appeal dismissed.

In City of Dallas v. Firestone Tire & Rubber Co., supra, disposing of a proposition challenging the validity of similar proceedings on constitutional grounds, we said [66 S.W.2d 736]: "The theory of the law is that the imposition of an assessment for a public improvement is justified in the fact that the owner receives a quid pro quo in special benefits from the improvement, and, under our statute, his protection against imposition or arbitrary action is the right of a plenary action, to set aside or correct the assessment, or any proceedings with reference thereto, on the trial of which he may show that his property received no special benefits from the improvement, or, if benefited to a degree, that its enhancement in value was less than the assessment. This provision in the statute, in our opinion, is a complete answer to the constitutional objections raised by appellee."

Another proposition urged by the appellant is, that having failed to present its claim to the independent executrix prior to the institution of suit, appellee was in no position to institute suit upon the certificate or to prosecute the same.

This contention is overruled, as appellee was not required to present the claim to the independent executrix as a condition precedent to the institution of the suit. See Sloan v. Dahl, Tex.Civ.App., 27 S.W.

2d 284, writ refused; Fischer v. Britton, 125 Tex. 505, 83 S.W.2d 305.

Finding no error in the proceedings below, the judgment is affirmed.

Affirmed.