**Hugo A. TOUCHY et al., Appellants,**

v.

**HOUSTON LEGAL FOUNDATION,**
Appellee.

No. 4636.

Court of Civil Appeals of Texas.

Waco.

June 22, 1967.

Rehearing Denied July 13, 1967.

Fred W. Robinson, Herbert Finkelstein, Houston, for appellants.

Leroy Jeffers, Curtiss Brown, Houston, for appellee.

## OPINION

WILSON, Justice.

Appellants are four licensed Texas attorneys and a corporation composed of practicing lawyers. A motion for summary judgment and a plea in abatement were sustained, and judgment was rendered dismissing their action seeking an injunction against the Houston Legal Foundation. The record on which the trial court acted consists of the pleadings, a verified motion, a verified reply and an affidavit.

Houston Legal Foundation, it was alleged, is a charitable corporation which has been designated agent in the Houston and Harris County area for the Federal free legal aid program under the Office of Economic Opportunity. The record reflects its functions as the agency through which persons considered by the Foundation to be indigent may have attorneys made available in civil and criminal matters. It operates also, or serves in connection with a Lawyers Referral Service.

The petition alleged the Foundation was engaged in the corporate practice of law in violation of Art. 320a–1, Sec. 3, Vernon's Ann.Civ.Stat., "rendering general legal services to all members of the public who, in its estimation, meet certain qualifications"; that it employs lawyers, investigators and a staff for its offices; that it provides legal services, gives legal advice, drafts legal instruments and appears in court; that it advertises its services, "actively soliciting business and stirring up litigation"; that it operates a subsidiary organization known as the Lawyers Referral Service which maintains a list of member attorneys; that applicants whose requests for free legal services are not accepted are referred to the Service; that unless attorneys pay dues to the Foundation as members of the Service they are denied references of applications for legal aid; that the Foundation represents both sides of controversies, resulting in conflicts of interest; that it regularly approaches prisoners without request to advise them of legal rights and offer free representation, whereby "numerous prisoners who could have paid a fee" fail to employ private attorneys.

It was alleged the Foundation "causes private attorneys to be assigned, involuntarily, for a nominal fee"; that the bulk of its legal matters are in the field of domestic relations law, many of which would have been handled by private attorneys, who cannot ethically compete with the Foundation. The prayer was to enjoin the Foundation from engaging in the enumerated activities.

Appellee's motion for summary judgment and plea in abatement, asserted that it was a charitable society incorporated as a non-profit corporation for the purpose of providing or assisting in the providing of attorneys for the indigent; and under Canon 32 of the Texas Canons of Ethics it is not an "intermediary", and could not be engaged in unethical or unauthorized practice of law, the only type of activities characterized by the pleadings. It also pleaded that plaintiffs have no standing or justiciable interest because exclusive authority to maintain an action alleging unethical practices is vested exclusively in the State Bar of Texas in accordance with established statutory grievance procedures; and such an action must be directed against individual members of the State Bar of Texas. Other grounds not necessary to relate were pleaded.

The Foundation's motion for summary judgment also stated it began and continued

operation with grants from several private charitable foundations, from the Federal Government and the United Fund; that it is governed by trustees who are members of the Bar; that twenty-three full-time attorneys in ten offices in the county render legal assistance to indigents, and the attorneys engaged in the Foundation's civil program provide legal services without charge. Attorneys for appointment in criminal cases are recommended to the courts.

The Lawyer Referral Service, it was alleged, is similar to that in over 200 other communities, whereby attorneys agree to serve clients sent to them by the referral service; that the Service informs people of its existence; that any qualified lawyer who pays a subscription fee is eligible to join the Service; that referrals are made on a rotation basis, the purpose being to bring together people with legal problems and members of the legal profession, as encouraged by the State Bar of Texas and American Bar Association Committees on Lawyer Referral Service; and to improve relations between the Bar and the public. Other details of the system are outlined in appellee's verified pleading, and an extended statement of principles adopted by the Foundation, including its governmental structure, is attached as an exhibit. Judges and attorneys of Harris County serve as Foundation trustees. The activities of the Foundation are administered by a director who supervises a criminal division, a civil division, and the referral service.

Art. 320a–1, Vernon's Ann.Civ.Stat., the State Bar Act, provides that all persons licensed to practice law are members of the State Bar, and all persons not members "are hereby prohibited from practicing law in this State."

Canon 32 of the State Bar of Texas Canons of Ethics, as material here, reads:

"Intermediaries. The professional services of a member shall not be controlled or exploited by any lay agency, personal or corporate, which intervenes between client and a member. A member's responsibilities and qualifications are individual. He shall avoid all relations which direct the performance of his duties by or in the interest of such intermediary. A member's relation to his client should be personal, and the responsibility shall be direct to the client. *Charitable societies rendering aid to the indigent are not deemed such intermediaries.*"

The Foundation relies on the last sentence of Canon 32, which we have italicized, contending that a corporation can be engaged in the practice of law only as an intermediary; and that by virtue of the italicized sentence of Canon 32, last quoted, the Foundation, as a charitable society rendering aid to the indigent is not, and cannot act as such an intermediary.

Appellants say the quoted exception as to "charitable societies" does not authorize such organizations to represent persons directly, as it is alleged the Foundation does. It avers also that the Foundation "may and has defined the term 'indigent' as it sees fit", and it has in a number of instances represented persons who were not in fact indigent.

■ The purpose of Canon 32 is to prohibit interference of a lay intermediary in the direct personal relationship between attorney and client. Art. 320a–1, Sec. 3 forbids the practice of law by others than State Bar members, who are licensed attorneys. See Hexter Title & Abstract Co. v. Grievance Committee, etc., 142 Tex. 506, 179 S.W.2d 946, 157 A.L.R. 268.

Canon 32 excludes from its proscription charitable societies rendering aid to the indigent. The Foundation can only render legal aid through attorneys. Appellants say it would appear "illogical to designate as an intermediary, a corporation which offers its legal services to the public through salaried employee-lawyers whom it has the power to hire and fire," and if it is not an "intermediary" it is a corporation engaged in the practice of law. We do not follow

the logic of the argument. Since the Foundation, a "charitable society" under Canon 32, may act only in rendering legal aid by attorneys, the matter of whether they are salaried or are subject to discharge would not appear to be determinative of any criterion under that Canon.

■ That the Foundation is a charitable society, and that it is organized to, and does, render aid to the indigent are not issues under the record; they appear to be undisputed facts. The Foundation is not, therefore, a prohibited lay agency "which intervenes between a client and a member" under Canon 32.

Appellants counter in argument that if this be true Canon 32 must give way to Sec. 3 of Art. 320a–1 prohibiting persons not members of the State Bar from practicing law, as otherwise the Supreme Court exceeded its power in adopting the Canon which appellants say is in conflict with the statute.

■ The Texas State Bar Act enacted in 1939, Acts 46th Leg., p. 64, empowered the Supreme Court to prescribe a Code of Ethics. When adopted as the statute authorizes, the Code of Ethics has the same force and effect as statutes. Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428, 432. See Hexter Title & Abstract Co. v. Grievance Committee, etc., 142 Tex. 506, 179 S.W.2d 946, 157 A.L.R. 268. The statute and code, therefore, are both subject to the rules of statutory construction, and are to be read together since they deal with the same subject matter. State Bar Rules, Art. XIII, Sec. 2; Calvert v. Fort Worth Nat. Bank, 163 Tex. 405, 356 S.W.2d 918; Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973, 77 A.L.R. 709.

■ The quoted sentence of Canon 32 does not contravene Sec. 3 of Art. 320a–1. It is consistent with the statute and is within the statutory delegation of power to prescribe a code "governing the professional conduct of attorneys at law."

■ In our opinion, under the undisputed facts established by the record on the motion for summary judgment, the Foundation is not engaged in the unauthorized or unlawful practice of law. See Azzarello v. Legal Aid Society of Cleveland (1962) 117 Ohio App. 471, 185 N.E.2d 566; In Re Opinion of the Justices (1935) 289 Mass. 607, 194 N.E. 313, 317, 318; In Re Miller's Estate (1936) 5 Cal.2d 588, 55 P.2d 491, 494; American Bar Association, Opinions of the Committee on Professional Ethics and Grievances (1961), No. 303, pp. 18, 21; The Jacksonville Bar Association v. Wilson (Fla.1958), 102 So.2d 292, 295.

■ The allegations concerning asserted violations of the Canons of Ethics stand upon a different footing. The trial court sustained appellee's plea in abatement that appellants have no standing or justiciable interest to maintain an action for injunction for these alleged violations. A summary judgment will be affirmed if it is properly sustainable on a ground not actually stated in the motion, if there is no genuine issue of material fact. In re Price's Estate (Tex.Sup.1964) 375 S.W.2d 900, 903.

■ Since the Foundation can act only by attorneys in rendering legal services, violation of the Canons of Ethics can only be by attorneys whose conduct the Canons govern. Consequently, the violations alleged must be those of attorneys. The State Bar Rules promulgated by the Supreme Court pursuant to Art. 320a–1 provide in Art. XII a system of member discipline under prescribed Grievance Committee procedure. That procedure, in our opinion, is exclusive to the extent that an independent original action alleging unethical practices by an attorney brought in the district court without first exhausting the statutory remedy is not authorized. See State ex rel. Chandler v. Dancer, Tex.Civ.App., (1965) 391 S.W.2d 504, writ ref. n.r.e. The summary judgment of dismissal was proper, therefore, on these grounds.

Affirmed.